Mary E. McPherson (SBN 177194)
mmcpherson@tresslerllp.com
Mohammed S. Mandegary (SBN 235529)
mmandegary@tresslerllp.com
Joshua D. Mountain (SBN 281124)
jmountain@tresslerllp.com
TRESSLER LLP
2 Park Plaza, Suite 1050
Irvine, CA 92614
Telephone:  (949) 336-1200
Facsimile:  (949) 752-0645

Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, a Texas Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>AmGUARD INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>            Defendant. | CASE NO.:      3:20-CV-00959<br><br><br>**STARR INDEMNITY & LIABILITY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY** |

COMES NOW Plaintiff Starr Indemnity & Liability Company ("STARR") for its complaint against Defendant AmGUARD Insurance Company ("AmGUARD"), and alleges as follows:

1.      STARR is now, and at all times relevant herein was, a corporation formed under the laws of the State of Texas, with its principal place of business in New York, New York.

1

2.     STARR is informed and believes, and on that basis alleges, that AmGUARD is now, and at all times relevant herein was, a corporation formed under the laws of the State of Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania.

### JURISDICTION AND VENUE

3.     STARR files this action in the United States District Court for the Northern District of California on the basis of diversity of citizenship.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), because there is complete diversity between STARR and AmGUARD, and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

5.     Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b), in that AmGUARD is subject to personal jurisdiction in the State of California and within the Northern District of California, the property insured under the insurance policy issued by AmGUARD is located in San Francisco and the underlying lawsuits giving rise to this action are venued in the Superior Court of California for the County of San Francisco.

### FACTUAL ALLEGATIONS

6.     STARR seeks a declaration that AmGUARD, not STARR, to the extent required under California law, had the sole obligation to defend Zoriall, LLC ("Zoriall"), Anne Kihagi ("Kihagi") and Christina Mwangi ("Mwangi") (hereinafter collectively referred to as the "Kihagi Parties") against the claims and damages alleged in underlying lawsuits identified in paragraphs 9 through 27 in this Complaint (referred to respectively as the "*Smyth* Lawsuits" and "*Duncan* Lawsuits" and sometimes collectively referred to as the "Underlying Lawsuits"), and continues to have the sole obligation to defend the Kihagi Parties in the *Duncan* Lawsuits, currently on appeal in the *Duncan* Appeals.

7.     In the alternative, STARR seeks a declaration that AmGUARD, to the extent required under California law, had a duty to defend the Kihagi Parties in the

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

*Smyth* Lawsuits and the *Duncan* Lawsuits, and continues to have a duty to defend the *Duncan* Lawsuits, currently on appeal in the *Duncan* Appeals.

8.     STARR also seeks to recover from AmGUARD all or some of the amounts STARR has paid on behalf of the Kihagi Parties in connection with the *Smyth* Lawsuits and the *Duncan* Lawsuits.

## THE UNDERLYING LAWSUITS

9.     On or about July 21, 2015, Brian Smyth and Ben Hutchinson filed a complaint against the Kihagi Parties in the Superior Court of California, San Francisco County, titled *Brian Smyth and Ben Hutchinson v. Anne Kihagi, et al.*, San Francisco Superior Court, Case No. CGC 15-546973 ("*Smyth* I").  A true and correct copy of the Complaint filed in *Smyth* I is attached hereto as **Exhibit "A"** and incorporated herein by reference.

10.     On or about July 26, 2016, Brian Smyth and Ben Hutchinson filed a complaint against the Kihagi Parties in the Superior Court of California, San Francisco County, titled *Brian Smyth and Ben Hutchinson v. Anne Kihagi, et al.*, San Francisco Superior Court, Case No. CGC 16-553236 ("*Smyth* II").  A true and correct copy of the Complaint filed in *Smyth* II is attached hereto as **Exhibit "B"** and incorporated herein by reference.

11.     *Smyth* I and *Smyth* II were consolidated (collectively referred to as the "*Smyth* Lawsuits") and are lawsuits brought by tenants of Apartment 73A and Apartment 75 at the premises owned by Zoriall, located at 69-75 Hill Street, San Francisco, California.

12.     STARR is informed and believes, and thereon alleges, that Brian Smyth vacated Apartment 73A on December 15, 2015, and Ben Hutchinson vacated Apartment 75 on November 21, 2015.

13.     A settlement was reached in the *Smyth* Lawsuits resulting in those lawsuits being dismissed, with prejudice.

///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

14.    On or about May 4, 2015, Dale Duncan and Marta Mendoza filed a complaint against the Kihagi Parties in the Superior Court of California, San Francisco County, titled *Dale Duncan and Marta Mendoza v. Anne Kihagi, et al.*, San Francisco Superior Court, Case No. CGC 15-545655 ("*Duncan* I").   A true and correct copy of the Complaint filed in *Duncan* I is attached hereto as **Exhibit "C"** and incorporated herein by reference.

15.    On or about April 15, 2016, Dale Duncan and Marta Mendoza filed a complaint against the Kihagi Parties in the Superior Court of California, San Francisco County, titled *Dale Duncan and Marta Mendoza v. Anne Kihagi*, et al., San Francisco Superior Court, Case No. CGC 16-551512 ("*Duncan* II").   A true and correct copy of the Complaint filed in *Duncan* II is attached hereto as **Exhibit "D"** and incorporated herein by reference.

16.    *Duncan* I and *Duncan* II were consolidated (collectively referred to as the "*Duncan* Lawsuits") and are lawsuits brought by tenants of Apartment 71 at the premises owned by Zoriall, located at 69-75 Hill Street, San Francisco, California.

17.    STARR is informed and believes, and thereon alleges, that Dale Duncan and Marta Mendoza vacated Apartment 71 on August 31, 2015.

18.    On or about September 1, 2017, a Second Amended Complaint For Damages was filed in the *Duncan* Lawsuits, alleging causes of action against the Kihagi Parties for nuisance, breach of contract, negligence, violation of San Francisco Administrative Code, Chapter 37, Section 37.10B, and unfair business practices in *Duncan* I; and alleging causes of action against the Kihagi Parties for violation of San Francisco Administrative Code, Chapter 37, Section 37.9, and negligence in the *Duncan* Lawsuits.   A true and correct copy of the Second Amended Complaint filed in the *Duncan* Lawsuits is attached hereto as **Exhibit "E"** and incorporated herein by reference.

19.    On or about October 2, 2017, the plaintiffs in the *Duncan* Lawsuits dismissed with prejudice all of their causes of action except for their causes of action

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

against the Kihagi Parties for violation of San Francisco Administrative Code, Chapter 37, Section 37.10B, and violation of San Francisco Administrative Code, Chapter 37, Section 37.9, which proceeded to a jury verdict.

20.    On or about October 5, 2017, a jury verdict was rendered in the *Duncan* Lawsuits against the Kihagi Parties for violation of San Francisco Rent Ordinance Section 37.9, and violation of San Francisco Rent Ordinance Section 37.10B.

21.    The jury in the *Duncan* Lawsuits awarded Dale Duncan the sums of: $540,000 against the Kihagi Parties for violation of San Francisco Rent Ordinance Section 37.9; and $48,000 against the Kihagi Parties for violation of San Francisco Rent Ordinance Section 37.10B.

22.    The jury in the *Duncan* Lawsuits awarded Marta Mendoza the sums of: $540,000 against the Kihagi Parties for violation of San Francisco Rent Ordinance Section 37.9; and $48,000 against the Kihagi Parties for violation of San Francisco Rent Ordinance Section 37.10B.

23.    The total sum of the jury verdict against the Kihagi Parties in the *Duncan* Lawsuits was in the amount of $1,176,000.

24.    On or about October 17, 2017, the San Francisco Superior Court trebled the amount of the jury verdict and entered judgment against the Kihagi Parties in the *Duncan* Lawsuits for the total sum of $3,528,000.

25.    On or about December 7, 2017, the San Francisco Superior Court reduced the trebled damages and entered judgment against the Kihagi Parties in the *Duncan* Lawsuits for the amount of $2,700,000. A true and correct copy of the December 7, 2017 Judgment entered in the *Duncan* Lawsuits is attached hereto as **Exhibit "F"** and incorporated herein by reference.

26.    On February 21, 2018 the San Francisco Superior Court awarded prevailing party attorneys' fees and costs totaling $910,752.50 against the Kihagi Parties in the *Duncan* Lawsuits.  A true and correct copy of the February 21, 2018 Order entered in the *Duncan* Lawsuits is attached hereto as **Exhibit "G"** and

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

incorporated herein by reference.

27.     The Kihagi Parties appealed the Judgment and the attorneys' fees and costs awarded against them in the *Duncan* Lawsuits; the appeals are still being briefed and are pending before the California Court of Appeal, First District, case nos. A153521 and A154678 (collectively referred to as the "*Duncan* Appeals").

**THE STARR POLICY**

28.     STARR issued to Zoriall, LLC, insurance policy number SIPG-ML01504-00, effective from July 25, 2014 to July 25, 2015 ("STARR Policy").  A true and correct copy of relevant portions of the Starr Policy is attached hereto as **Exhibit "H"** and incorporated herein by reference.

29.     The named insured on the Commercial General Liability Declarations of the STARR Policy is Zoriall, LLC.

30.     The STARR Policy schedules the location of the premises as 69 Hill Street, San Francisco, CA 94110.

31.     The STARR Policy's Commercial General Liability Declarations shows a Personal And Advertising Injury Limit of Insurance of $1,000,000 for any one person or organization, which is subject to a General Aggregate Limit of Insurance of $2,000,000.

32.     The STARR Policy defines the word "insured" to mean any person qualifying as such under **SECTION II – WHO IS AN INSURED**, which states, in part, under **Section II, 1.c.**, that:

> **1.**     If you are designated in the Declarations as:
>
> \* \* \*
>
> **c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

33.    Based on information and representations made to it by the Kihagi Parties, STARR is informed and believes that Kihagi and Mwangi qualify as insureds under the STARR Policy, but only with respect to the conduct of Zoriall's business.

34.    The STARR Policy's "Limitation Of Coverage To Designated Premises Or Project" endorsement number CG 21 44 07 98 limits the insurance coverage under the STARR Policy to "'bodily injury', 'property damage', 'personal and advertising injury' … arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises[.]"

35.    Coverage A of **SECTION I – COVERAGES** of the STARR Policy states, in part, as follows:

> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1.     Insuring Agreement**
>
> > **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. …
> >
> > **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

36.    The STARR Policy's **SECTION V – DEFINITIONS** states, in part, as follows:

> **14.**    "Personal and advertising injury" means injury,

7

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

37.     All other terms upon which STARR relies to support this Complaint are set forth in the STARR Policy attached to this Complaint as **Exhibit "H"**.

**STARR'S DEFENSE OF THE KIHAGI PARTIES IN**

**THE *SMYTH* LAWSUITS SUBJECT TO A RESERVATION OF RIGHTS**

38.     In response to the Kihagi Parties' tender to STARR seeking a defense under the STARR Policy in connection with the *Smyth* I Lawsuit, on December 14, 2015, STARR agreed to defend the Kihagi Parties in the *Smyth* I Lawsuit subject and pursuant to a full and complete reservation of rights.

39.     In response to the Kihagi Parties' tender to STARR seeking a defense under the STARR Policy in connection with the *Smyth* II Lawsuits, on September 27, 2016, STARR agreed to defend the Kihagi Parties in the *Smyth* II Lawsuit subject and pursuant to a full and complete reservation of rights.

40.     Subject to STARR's reservations of rights, STARR fully defended the Kihagi Parties and paid a total of $306,786.22 in attorney fees and costs for the defense of the Kihagi Parties in connection with the *Smyth* Lawsuits.

41.     Subject to STARR's reservation of rights, STARR fully indemnified the Kihagi Parties and paid the full amount of a settlement in exchange for a release and dismissal with prejudice of the Kihagi Parties from the *Smyth* Lawsuits.

///

///

///

8

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

1
2
3

### STARR'S DEFENSE OF THE KIHAGI PARTIES IN
### THE *DUNCAN* LAWSUITS AND *DUNCAN* APPEALS SUBJECT TO A
### RESERVATION OF RIGHTS

4       42.    In response to the Kihagi Parties' tender to STARR seeking a defense
5   under the STARR Policy in connection with the *Duncan* I Lawsuit, in July of 2015,
6   STARR agreed to defend the Kihagi Parties in the *Duncan* I Lawsuit subject and
7   pursuant to a full and complete reservation of rights.

8       43.    In response to the Kihagi Parties' tender to STARR seeking a defense
9   under the STARR Policy in connection with the *Duncan* II Lawsuit, on July 6, 2016,
10  STARR agreed to defend the Kihagi Parties in the *Duncan* II Lawsuit subject and
11  pursuant to a full and complete reservation of rights.

12      44.    Subject to STARR's reservation of rights, STARR has been and
13  continues to pay fees and costs for the defense of the Kihagi Parties in connection
14  with the *Duncan* Lawsuits, including the ongoing attorneys' fees and costs for the
15  *Duncan* Appeals.

16      45.    Subject to STARR's reservation of rights, to date, Starr has been fully
17  defending the Kihagi Parties and has paid all of the attorney fees and costs for the
18  defense of the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan*
19  Appeals.

20  ### THE AmGUARD POLICY

21      46.    AmGUARD issued to Zoriall LLC liability insurance, policy no.
22  ZOBP601626, effective from July 20, 2015 to July 1, 2016 ("AmGUARD Policy").
23  A true and correct copy of the AmGUARD Policy provided to STARR is attached
24  hereto as **Exhibit "I"** and incorporated herein by reference.

25      47.    The named insured on the Businessowner's Policy Declarations of the
26  AmGUARD Policy is Zoriall LLC.

27      48.    The AmGUARD Policy schedules the location of the premises as 69 Hill
28  Street, San Francisco, CA 94110.

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE
CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE
INDEMNITY**

49.     The AmGUARD Policy's Businessowner's Policy Declarations provides a Liability and Medical Expenses – Each Occurrence limit of $1,000,000 and a General Aggregate (Other than Products and Completed Operations) limit of $2,000,000.

50.     The AmGUARD Policy defines the word "insured" to mean any person or organization qualifying as such under Paragraph **C. Who Is An Insured**, which states, in part, under **Section II, C.1.a.**, that:

    **C.**    **Who Is An Insured**

        **1.**    If you are designated in the Declarations as:

                * * *

            **a.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

51.     Based on information and representations made to it by the Kihagi Parties, STARR is informed and believes that Kihagi and Mwangi qualify as insureds under the AmGUARD Policy.

52.     The AmGUARD Policy's "Limitation Of Coverage To Designated Premises Or Project" endorsement number BP 04 12 01 06, scheduled the Premises as 69 Hill St., San Francisco, CA 94110, and states that insurance coverage under the AmGUARD Policy applies to "'bodily injury', 'property damage', 'personal and advertising injury' … arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises[.]"

///
///
///
///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

53. The AmGUARD Policy states, in part, as follows:

**SECTION II - LIABILITY**

**A.   Coverages**

    **1.   Business Liability**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . . . .

                * * *

        **b.**    This insurance applies:

           **(1)**    To "bodily injury" and 'property damage" only if:

                **(a)**    The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

                **(b)**    The "bodily injury" or "property damage" occurs during the policy period;

                * * *

           **(2)**    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during

11

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

the policy period.

\* \* \*

**F.**   **Liability and Medical Expenses Definitions**

\* \* \*

**3.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**   "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

\* \* \*

**c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; . . .

\* \* \*

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of uses shall be deemed to occur at the time of the occurrence that caused it.

\* \* \*

12

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

1    54.    All other terms upon which STARR relies to support this Complaint are

2    set forth in the AmGUARD Policy attached hereto as **Exhibit "I"**.

3    **AMGUARD'S AGREEMENT TO DEFEND THE KIHAGI PARTIES IN**

4    **THE *SMYTH* LAWSUITS AND FAILURE TO PAY**

5    **ANY DEFENSE FEES AND COSTS**

6    55.    Upon information and belief, the Kihagi Parties tendered the *Smyth*

7    Lawsuits to AmGUARD seeking defense and indemnification under the AmGUARD

8    Policy.

9    56.    In response to the Kihagi Parties tender, by letters dated December 12,

10   2017 and January 11, 2018, AmGUARD agreed to defend the Kihagi Parties in the

11   *Smyth* Lawsuits.

12   57.    By letter dated June 22, 2018, AmGUARD also agreed to "join in paying

13   (with Starr Insurance) the reasonable fees associated with [the Kihagi Parties']

14   defense" (hereafter referred to as "AmGUARD's Letter").  A true and correct copy

15   of AmGUARD's Letter is attached hereto as **Exhibit "J"** and incorporated by

16   reference herein.

17   58.    Starr paid $306,786.22 in attorney fees and costs to defend the Kihagi

18   Parties in the *Smyth* Lawsuits.

19   59.    Despite AmGUARD's agreement to defend the Kihagi Parties in the

20   *Smyth* Lawsuits, and its express agreement to share the defense fees and costs of the

21   *Smyth* Lawsuits with STARR, AmGUARD failed to pay and has not paid STARR

22   any defense fees and costs incurred in the defense of the Kihagi Parties in the *Smyth*

23   *Lawsuits*.

24   60.    To the extent required under California law, AmGUARD also failed to

25   indemnify the Kihagi Parties to settle the *Smyth* Lawsuits.

26   61.    Upon information and belief, AmGUARD never sought nor has it ever

27   obtained a judicial declaration that it has no obligation to defend or indemnify the

28   Kihagi Parties in connection with the *Smyth* Lawsuits.

13

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE**
**CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE**
**INDEMNITY**

## AMGUARD'S FAILURE TO DEFEND THE KIHAGI PARTIES IN THE *DUNCAN* LAWSUITS

62.     Upon information and belief, the Kihagi Parties tendered the *Duncan* Lawsuits to AmGUARD seeking defense and indemnification under the AmGUARD Policy.

63.     By letter dated August 24, 2018, AmGUARD denied any obligation to defend or indemnify the Kihagi Parties in the *Duncan* Lawsuits.

64.     AmGUARD has not defended the Kihagi Parties in the *Duncan* Lawsuits and pending *Duncan* Appeals.

65.     AmGUARD has not paid, or reimbursed STARR, for any defense fees and costs incurred in the defense of the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals.

66.     Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and/or the *Duncan* Appeals.

## FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF
### (AmGUARD's Sole Duty to Defend the *Smyth* Lawsuits)

67.     STARR realleges each and every allegation contained in the preceding paragraphs 1 through 66 and incorporates them by reference as though fully set forth herein.

68.     An actual controversary has arisen and now exists between STARR and AmGUARD concerning AmGUARD's obligations under the AmGUARD Policy.

69.     STARR alleges that, to the extent required under California law, AmGUARD has the sole duty to defend the Kihagi Parties under the AmGUARD Policy with respect to the claims and damages alleged in the *Smyth* Lawsuits.  STARR is informed and believes that AmGUARD disagrees with STARR's position.

70.     While AmGUARD has agreed to defend the Kihagi Parties in the *Smyth* Lawsuits and agreed to join in paying the defense fees and costs incurred by STARR

14

in defending the Kihagi Parties in the *Smyth* Lawsuits, AmGUARD has failed to defend the Kihagi Parties in the *Smyth* Lawsuits and failed to pay STARR any of the attorney fees and costs incurred for the defense of the Kihagi Parties in the *Smyth* Lawsuits.

71.     STARR desires a judicial determination of the respective rights of STARR and duties of AmGUARD with respect to AmGUARD's obligation to pay defense fees and costs of the Kihagi Parties in the *Smyth* Lawsuits.

72.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties.

## SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (AmGUARD's Duty to Defend the *Smyth* Lawsuits)

73.     STARR realleges each and every allegation contained in the preceding paragraphs 1 through 72 and incorporates them by reference as though fully set forth herein.

74.     An actual controversary has arisen and now exists between STARR and AmGUARD concerning AmGUARD's obligations under the AmGUARD Policy.

75.     STARR alleges that, to the extent required under California law, AmGUARD has a duty to defend the Kihagi Parties under the AmGUARD Policy with respect to the claims and damages alleged in the *Smyth* Lawsuits, and to pay its share of all defense fees and costs STARR incurred for the defense of the Kihagi Parties in the *Smyth* Lawsuits.  STARR is informed and believes that AmGUARD disagrees with STARR's position.

76.     While AmGUARD has agreed to defend the Kihagi Parties in the *Smyth* Lawsuits and agreed to join in paying the defense fees and costs incurred by STARR in defending the Kihagi Parties in the *Smyth* Lawsuits, AmGUARD has failed to defend the Kihagi Parties in the *Smyth* Lawsuits and failed to pay STARR any of the attorney fees and costs incurred for the defense of the Kihagi Parties in the *Smyth* Lawsuits.

15

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

77.    STARR desires a judicial determination of the respective rights of STARR and duties of AmGUARD with respect to AmGUARD's obligation to pay defense fees and costs of the Kihagi Parties in the *Smyth* Lawsuits.

78.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties.

### THIRD CLAIM FOR RELIEF FOR DECLARATORY RELIEF
### (Reimbursement of Defense Fees and Costs for the *Smyth* Lawsuits)

79.    STARR realleges each and every allegation contained in the preceding paragraphs 1 through 78 and incorporates them by reference as though fully set forth herein.

80.    As it concerns the *Smyth* Lawsuits, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

81.    Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Smyth* Lawsuits.

82.    AmGUARD agreed to defend the Kihagi Parties in the *Smyth* Lawsuits. ***See*, Exhibit "J" attached hereto.**

83.    STARR paid $306,786.22 to defend the Kihagi Parties in the *Smyth* Lawsuits.

84.    Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend the Kihagi Parties in connection with the *Smyth* Lawsuits.

85.    AmGUARD has not paid STARR for any of the defense fees and costs STARR paid to defend the Kihagi Parties in the *Smyth* Lawsuits.

86.    STARR is entitled to reimbursement from AmGUARD, to the extent required under California law, for all or some of the $306,786.22 STARR paid to defend the Kihagi Parties in the *Smyth* Lawsuits.

///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

## FOURTH CLAIM FOR RELIEF FOR EQUITABLE CONTRIBUTION

### (*Smyth* Lawsuits)

87.     STARR realleges each and every allegation contained in the preceding paragraphs 1 through 86 and incorporates them by reference as though fully set forth herein.

88.     As it concerns the *Smyth* Lawsuits, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

89.     Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Smyth* Lawsuits.

90.     AmGUARD agreed to defend the Kihagi Parties in the *Smyth* Lawsuits. ***See*, Exhibit "J" attached hereto.**

91.     STARR paid $306,786.22 to defend the Kihagi Parties in the *Smyth* Lawsuits.

92.     On behalf of the Kihagi Parties, STARR paid to settle the *Smyth* Lawsuits.

93.     To the extent required under California law, AmGUARD, not STARR, was obligated to indemnify the Kihagi Parties in the settlement of the *Smyth* Lawsuits.

94.     Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Smyth* Lawsuits.

95.     AmGUARD has not paid STARR for any of the defense fees and costs or indemnity STARR paid on behalf of the Kihagi Parties in the *Smyth* Lawsuits.

96.     STARR is entitled to equitable contribution from AmGUARD, to the extent required under California law, for the sums STARR paid on behalf of the Kihagi Parties in connection with the *Smyth Lawsuits*.

///

///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

## FIFTH CLAIM FOR RELIEF FOR EQUITABLE SUBROGATION

### (*Smyth* Lawsuits)

97.     STARR realleges each and every allegation contained in the preceding paragraphs 1 through 96 and incorporates them by reference as though fully set forth herein.

98.     As it concerns the *Smyth* Lawsuits, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

99.     Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Smyth* Lawsuits.

100.    AmGUARD agreed to defend the Kihagi Parties in the *Smyth* Lawsuits. ***See*, Exhibit "J" attached hereto.**

101.    STARR paid $306,786.22 to defend the Kihagi Parties in the *Smyth* Lawsuits.

102.    On behalf of the Kihagi Parties, STARR paid to settle the *Smyth* Lawsuits.

103.    To the extent required under California law, AmGUARD, not STARR, was obligated to indemnify the Kihagi Parties in the settlement of the *Smyth* Lawsuits.

104.    Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Smyth* Lawsuits.

105.    AmGUARD has not paid STARR for any of the defense fees and costs or indemnity STARR paid on behalf of the Kihagi Parties in the *Smyth* Lawsuits.

106.    To the extent provided under California law, the Kihagi Parties had an existing, assignable cause of action against AmGUARD, which the Kihagi Parties could have asserted for their own benefit had STARR not paid the attorney fees and costs to defend the Kihagi Parties in the *Smyth* Lawsuits.

///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

107.   As STARR has paid $306,786.22 to defend the Kihagi Parties in the *Smyth* Lawsuits and the settlement amount on behalf of the Kihagi Parties to settle the *Smyth* Lawsuits, to the extent provided under California law, STARR is subrogated to the rights of the Kihagi Parties.

108.   STARR is entitled to equitable subrogation from AmGUARD, to the extent required under California law, for the sums STARR paid on behalf of the Kihagi Parties in connection with the *Smyth Lawsuits*.

## SIXTH CLAIM FOR RELIEF FOR EQUITABLE INDEMNITY
### (*Smyth* Lawsuits)

109.   STARR realleges each and every allegation contained in the preceding paragraphs 1 through 108 and incorporates them by reference as though fully set forth herein.

110.   As it concerns the *Smyth* Lawsuits, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

111.   Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Smyth* Lawsuits.

112.   AmGUARD agreed to defend the Kihagi Parties in the *Smyth* Lawsuits. ***See*, Exhibit "J" attached hereto.**

113.   STARR paid $306,786.22 to defend the Kihagi Parties in the *Smyth* Lawsuits.

114.   On behalf of the Kihagi Parties, STARR paid to settle the *Smyth* Lawsuits.

115.   To the extent required under California law, AmGUARD, not STARR, was obligated to indemnify the Kihagi Parties in the settlement of the *Smyth* Lawsuits.

116.   Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Smyth* Lawsuits.

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

117.   AmGUARD has not paid STARR for any of the defense fees and costs or indemnity STARR paid on behalf of the Kihagi Parties in the *Smyth* Lawsuits.

118.   To the extent required under California law, STARR is entitled to equitable indemnity from AmGUARD, to the extent required under California law, for the sums STARR paid on behalf of the Kihagi Parties in connection with the *Smyth Lawsuits*.

## SEVENTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF
### (AmGUARD's Sole Duty to Defend
### the *Duncan* Lawsuits and the *Duncan* Appeals)

119.   STARR realleges each and every allegation contained in the preceding paragraphs 1 through 118 and incorporates them by reference as though fully set forth herein.

120.   An actual controversy has arisen and now exists between STARR and AmGUARD concerning AmGUARD's obligations under the AmGUARD Policy.

121.   STARR alleges that, to the extent required under California law, AmGUARD has the sole duty to defend the Kihagi Parties under the AmGUARD Policy with respect to the claims and damages alleged in the *Duncan* Lawsuits and the *Duncan* Appeals.  STARR is informed and believes that AmGUARD disagrees with STARR's position.

122.   To the extent required under California law, AmGUARD has failed to defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals and failed to pay STARR any of the attorney fees and costs incurred for the defense of the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

123.   To the extent required under California law, STARR desires a judicial determination of the respective rights of STARR and duties of AmGUARD with respect to AmGUARD's obligation to pay defense fees and costs of the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

1    124.   Such a declaration is necessary and appropriate at this time in order that
2    the parties may ascertain their rights and duties.

3    **EIGHTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF**

4    **(Duty to Defend the *Duncan* Lawsuits and the *Duncan* Appeals)**

5    125.   STARR realleges each and every allegation contained in the preceding
6    paragraphs 1 through 124 and incorporates them by reference as though fully set forth
7    herein.

8    126.   An actual controversary has arisen and now exists between STARR and
9    AmGUARD concerning AmGUARD's obligations under the AmGUARD Policy.

10    127.   STARR alleges that, to the extent required under California law,
11    AmGUARD has a duty to defend the Kihagi Parties under the AmGUARD Policy
12    with respect to the claims and damages alleged in the *Duncan* Lawsuits and the
13    *Duncan* Appeals, and to pay its share of all defense fees and costs STARR incurred
14    for the defense of the Kihagi Parties in connection with the *Duncan* Lawsuits and the
15    *Duncan* Appeals.  STARR is informed and believes that AmGUARD disagrees with
16    STARR's position.

17    128.   To the extent required under California law, AmGUARD has failed to
18    defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals and failed
19    to pay STARR any of the attorney fees and costs incurred for the defense of the Kihagi
20    Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

21    129.   To the extent required under California law, STARR desires a judicial
22    determination of the respective rights of STARR and duties of AmGUARD with
23    respect to AmGUARD's obligation to pay defense fees and costs of the Kihagi Parties
24    in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

25    130.   Such a declaration is necessary and appropriate at this time in order that
26    the parties may ascertain their rights and duties.

27    ///
28    ///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE
CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE
INDEMNITY**

1

2

3

### NINTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF

#### (Reimbursement of Defense Fees and Costs for

#### the *Duncan* Lawsuits and the *Duncan* Appeals)

4   131.   STARR realleges each and every allegation contained in the preceding

5   paragraphs 1 through 130 and incorporates them by reference as though fully set forth

6   herein.

7   132.   As it concerns the *Duncan* Lawsuits and the *Duncan* Appeals, based on

8   information and belief, the Kihagi Parties qualify as insureds under the AmGUARD

9   Policy.

10   133.   Pursuant to the AmGUARD Policy, to the extent required under

11   California law, AmGUARD was and is legally obligated to fully and completely

12   defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals.

13   134.   STARR has paid and continues to pay to defend the Kihagi Parties in the

14   *Duncan* Lawsuits and *Duncan* Appeals, under a full and complete reservation of

15   rights.

16   135.   Upon information and belief, AmGUARD never sought nor has it ever

17   obtained a judicial declaration that it has no obligation to defend the Kihagi Parties

18   in connection with the *Duncan* Lawsuits and/or the *Duncan* Appeals.

19   136.   AmGUARD has not paid STARR for any of the defense fees and costs

20   STARR paid to defend the Kihagi Parties in connection with the *Duncan* Lawsuits

21   and the *Duncan* Appeals.

22   137.   To the extent required under California law, STARR is entitled to

23   reimbursement from AmGUARD for amounts that STARR has paid, and/or will pay,

24   to defend the Kihagi Parties in connection with the *Duncan* Lawsuits.

25   ### TENTH CLAIM FOR RELIEF FOR EQUITABLE CONTRIBUTION

26   #### (*Duncan* Lawsuits and the *Duncan* Appeals)

27   138.   STARR realleges each and every allegation contained in the preceding

28   paragraphs 1 through 137 and incorporates them by reference as though fully set forth

22

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE
CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE
INDEMNITY**

herein.

139.   As it concerns the *Duncan* Lawsuits and the *Duncan* Appeals, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

140.   Starr alleges that pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals.

141.   STARR paid and continues to pay to defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals, under a full and complete reservation of rights.

142.   Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Duncan* Lawsuits and/or *Duncan* Appeals.

143.   AmGUARD has not paid STARR for any of the defense fees and costs STARR paid to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and *Duncan* Appeals.

144.   To the extent required under California law, STARR is entitled to equitable contribution from AmGUARD for amounts that STARR has paid, and/or will pay, to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

## ELEVENTH CLAIM FOR RELIEF FOR EQUITABLE SUBROGATION
### (*Duncan* Lawsuit and the *Duncan* Appeals)

145.   STARR realleges each and every allegation contained in the preceding paragraphs 1 through 144 and incorporates them by reference as though fully set forth herein.

146.   As it concerns the *Duncan* Lawsuits and the *Duncan* Appeals, based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD

23

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

Policy.

147.   Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals.

148.   STARR paid and continues to pay to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals, under a full and complete reservation of rights.

149.   Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Duncan* Lawsuits and/or *Duncan* Appeals.

150.   AmGUARD has not paid STARR for any of the defense fees and costs STARR paid to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and *Duncan* Appeals.

151.   To the extent required under California law, AmGUARD, not STARR, is obligated to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

152.   To the extent provided under California law, the Kihagi Parties had an existing, assignable cause of action against AmGUARD, which the Kihagi Parties could have asserted for their own benefit had STARR not paid the attorney fees and costs to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

153.   To the extent STARR has paid, and/or will pay, to defend the Kihagi Parties in connection with the *Duncan* Lawsuit and the *Duncan* Appeals, to the extent provided under California law, Starr is subrogated to the rights of the Kihagi Parties.

154.   STARR is entitled to equitable subrogation from AmGUARD, to the extent required under California law, for amounts STARR has paid and/or will pay, to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and the *Duncan* Appeals.

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

## TWELFTH CLAIM FOR RELIEF FOR EQUITABLE INDEMNITY

### (*Duncan* Lawsuit and the *Duncan* Appeals)

155.   STARR realleges each and every allegation contained in the preceding paragraphs 1 through 154 and incorporates them by reference as though fully set forth herein.

156.   As it concerns the *Duncan* Lawsuits, and the *Duncan* Appeals based on information and belief, the Kihagi Parties qualify as insureds under the AmGUARD Policy.

157.   Pursuant to the AmGUARD Policy, to the extent required under California law, AmGUARD was and is legally obligated to fully and completely defend the Kihagi Parties in the *Duncan* Lawsuits and the *Duncan* Appeals.

158.   STARR has paid and continues to pay to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and *Duncan* Appeals, under a full and complete reservation of rights.

159.   Upon information and belief, AmGUARD never sought nor has it ever obtained a judicial declaration that it has no obligation to defend or indemnify the Kihagi Parties in connection with the *Duncan* Lawsuits and/or *Duncan* Appeals.

160.   AmGUARD has not paid STARR for any of the defense fees and costs STARR paid to defend the Kihagi Parties in connection with the *Duncan* Lawsuits and *Duncan* Appeals.

161.   STARR is entitled to equitable indemnity from AmGUARD, to the extent required under California law, for amounts STARR has paid, and/or will pay, to defend the Kihagi Parties in connection with the *Duncan* Lawsuits.

## WHEREFORE, STARR PRAYS FOR JUDGMENT AS FOLLOWS:

1.   For a judicial declaration of the rights, duties and obligations of the parties with respect to the *Smyth* Lawsuits;

2.   To the extent required under California law, for a judicial declaration that AmGUARD, not STARR, is obligated to provide a defense to Zoriall, LLC, Anne

25

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

1  Kihagi and Christina Mwangi with respect to the *Smyth* Lawsuits*;*

2       3.     To the extent required under California law, for a judicial declaration

3  that AmGUARD has a duty and obligation under the AmGUARD Policy to defend

4  Zoriall, LLC, Anne Kihagi and Christina Mwangi with respect to the *Smyth* Lawsuits;

5       4.     To the extent required under California law, for a judicial declaration

6  that AmGUARD reimburse STARR for amounts STARR paid on behalf of Zoriall,

7  LLC, Anne Kihagi and Christina Mwangi in connection with the defense and/or

8  indemnity of the *Smyth* Lawsuits;

9       5.     To the extent required under California law, for a judgment that STARR

10  is entitled to equitable contribution in its favor and against AmGUARD requiring that

11  AmGUARD pay to STARR the amounts that STARR has paid on behalf of Zoriall,

12  LLC, Anne Kihagi and Christina Mwangi in connection with the defense and/or

13  indemnity of the *Smyth* Lawsuits;

14       6.     To the extent required under California law, for a judgment that STARR,

15  as subrogee of Zoriall, LLC, Anne Kihagi and Christina Mwangi's rights under the

16  AmGUARD Policy, is entitled to equitable subrogation in its favor and against

17  AmGUARD requiring that AmGUARD pay to STARR the amounts that STARR has

18  paid on behalf of Zoriall, LLC, Anne Kihagi and Christina Mwangi in connection

19  with the defense and/or indemnity of the *Smyth* Lawsuits;

20       7.     To the extent required under California law, for a judgment that STARR

21  is entitled to equitable indemnity in its favor and against AmGUARD requiring that

22  AmGUARD pay to STARR the amounts that STARR has paid on behalf of Zoriall,

23  LLC, Anne Kihagi and Christina Mwangi in connection with the defense and/or

24  indemnity of the *Smyth* Lawsuits;

25       8.     To the extent required under California law, for a judicial declaration of

26  the rights, duties and obligations of the parties with respect to the *Duncan* Lawsuits

27  and the *Duncan* Appeals;

28  ///

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE
CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE
INDEMNITY**

9.    To the extent required under California law, for a judicial declaration that AmGUARD has a duty and obligation under the AmGUARD Policy to defend Zoriall, LLC, Anne Kihagi and Christina Mwangi with respect to the *Duncan* Lawsuits and the *Duncan* Appeals;

10.    To the extent required under California law, for a judicial declaration that the AmGUARD Policy, not the STARR Policy, is triggered and applies with respect to defense of Zoriall, LLC, Anne Kihagi and Christina Mwangi in the *Duncan* Lawsuits and the *Duncan* Appeals;

11.    To the extent required under California law, for a judicial declaration that AmGUARD, not STARR, is obligated to provide a defense to Zoriall, LLC, Anne Kihagi and Christina Mwangi with respect to the *Duncan* Lawsuits and the *Duncan* Appeals;

12.    To the extent required under California law, for a judgment that STARR is entitled to equitable contribution in its favor and against AmGUARD requiring that AmGUARD pay to STARR the amounts that STARR has paid on behalf of Zoriall, LLC, Anne Kihagi and Christina Mwangi in connection with the defense of the *Duncan* Lawsuits and the *Duncan* Appeals;

13.    To the extent required under California law, for a judgment that STARR, as subrogee of Zoriall, LLC, Anne Kihagi and Christina Mwangi's rights under the AmGUARD Policy, is entitled to equitable subrogation in its favor and against AmGUARD requiring that AmGUARD pay to STARR the amounts that STARR has paid on behalf of Zoriall, LLC, Anne Kihagi and Christina Mwangi in connection with the defense of the *Duncan* Lawsuits and the *Duncan* Appeals;

14.    To the extent required under California law, for a judgment that STARR is entitled to equitable indemnity in its favor and against AmGUARD requiring that AmGUARD pay to STARR the amounts that STARR has paid on behalf of Zoriall, LLC, Anne Kihagi and Christina Mwangi in connection with the defense of the *Duncan* Lawsuits and the *Duncan* Appeals;

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**

15.   For damages in an amount to be determined at the time of trial;

16.   For recovery of its costs of suit herein;

17.   For such other relief as the Court herein deems just and proper.

Dated:  February 7, 2020                    TRESSLER LLP


By:   */S/ Mary E. McPherson*
      Mary E. McPherson
      Mohammed S. Mandegary
      Joshua D. Mountain
      Attorneys for Plaintiff
      STARR INDEMNITY & LIABILITY
      COMPANY

4834-6731-3580, v. 2

---

28

**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, AND EQUITABLE INDEMNITY**