Richard C. Weston (State Bar No. 126491)
Wynn C. Kaneshiro (State Bar No. 166683)
**WESTON & McELVAIN LLP**
1960 East Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:    (213) 596-8000
Facsimile:    (213) 596-8039
E-mail:    rweston@wmattorneys.com
          wkaneshiro@wmattorneys.com

Attorneys for Defendant
**AmGUARD INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, a Texas Corporation, | Case No.: 4:20-cv-959-SI<br>Assigned to: Hon. Susan Illston |
| Plaintiff, | |
| vs. | **DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| AMGUARD INSURANCE COMPANY, a Pennsylvania Corporation, | |
| Defendant. | |

Defendant AmGUARD Insurance Company ("AmGUARD" or "Defendant") answers plaintiff Starr Indemnity & Liability Company's ("Starr" or "Plaintiff") Complaint as follows:

1.    In response to Paragraph 1, AmGUARD admits based on information and belief that Plaintiff is a corporation duly organized under the laws of the State of Texas.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

2.    In response to Paragraph 2, AmGUARD admits that it is a corporation duly organized under the laws of Pennsylvania with its principal place of business in Wilkes-Barre, Pennsylvania.

/ / /

/ / /

1

## **JURISDICTION AND VENUE**

2       3.      In response to Paragraph 3, AmGUARD does not dispute that there is diversity of

3   citizenship.

4       4.      In response to Paragraph 4, AmGUARD does not dispute that this Court has

5   jurisdiction under 28 U.S.C. § 1332.

6       5.      In response to Paragraph 5, AmGUARD does not dispute that the proper venue for

7   this action is the United States District Court, Northern District of California.

8

## **FACTUAL ALLEGATIONS**

9       6.      In response to Paragraph 6, AmGUARD admits that Starr seeks a declaration with

10   respect to AmGUARD's defense obligation as to Zoriall, LLC, Anne Kihagi and Christina

11   Mwangi with respect to the *Smyth* and *Duncan* lawsuits.  Except as expressly admitted herein,

12   AmGUARD denies the remaining allegations of this paragraph.

13      7.      In response to Paragraph 7, AmGUARD admits that Starr seeks a declaration with

14   respect to AmGUARD's defense obligation as to Zoriall, LLC, Anne Kihagi and Christina

15   Mwangi with respect to the *Smyth* and *Duncan* lawsuits.  Except as expressly admitted herein,

16   AmGUARD denies the remaining allegations of this paragraph.

17      8.      In response to Paragraph 8, AmGUARD does not dispute that STARR seeks

18   recovery against AmGUARD as alleged.

19

## **THE UNDERLYING LAWSUITS**

20      9.      In response to Paragraph 9, AmGUARD admits that a copy of the Complaint in

21   *Smyth v. Kihagi et al.*, San Francisco Superior Court, Case No. CGC 15-546973 ("*Smyth I*") is

22   attached to the Complaint as Exhibit A.  AmGUARD admits based on information and belief that

23   the Complaint in *Smyth I* was filed on July 21, 2015.  Except as expressly admitted herein,

24   AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the

25   allegations of this paragraph and therefore denies such allegations.

26      10.     In response to Paragraph 10, AmGUARD admits that a copy of the Complaint in

27   *Smyth v. Kihagi et al.*, San Francisco Superior Court, Case No. CGC 16-553236 ("*Smyth II*") is

28   attached to the Complaint as Exhibit B.  AmGUARD admits based on information and belief that

the Complaint in *Smyth II* was filed on July 26, 2016.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

11.     In response to Paragraph 11, AmGUARD admits that the attached *Smyth* Complaints state that Brian Smyth was a tenant at 73A Hill Street while Ben Hutchison was a tenant at 75 Hill Street.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

12.     In response to Paragraph 12, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

13.     In response to Paragraph 13, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

14.     In response to Paragraph 14, AmGUARD admits that a copy of the Complaint in *Duncan v. Kihagi et al.*, San Francisco Superior Court, Case No. CGC 15-545655 ("*Duncan  I*") is attached to the Complaint as Exhibit C.  AmGUARD admits based on information and belief that the Complaint in *Duncan I* was filed on May 4, 2015.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

15.     In response to Paragraph 15, AmGUARD admits that a copy of the Complaint in *Duncan v. Kihagi et al.*, San Francisco Superior Court, Case No. CGC 16-551512 ("*Duncan II*") is attached to the Complaint as Exhibit D.  AmGUARD admits based on information and belief that the Complaint in *Duncan II* was filed on April 15, 2016.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

16.     In response to Paragraph 16, AmGUARD admits that the attached *Duncan* Complaints state that Dale Duncan and Marta Munoz Mendoza were tenants at 71 Hill Street.

AMGUARD'S ANSWER TO COMPLAINT

AmGUARD admits based on information and belief that *Duncan I* and *Duncan II* were consolidated.   Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

17.   In response to Paragraph 17, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

18.   In response to Paragraph 18, AmGUARD admits that a copy of the Second Amended Complaint in *Duncan I* is attached to the Complaint as Exhibit E.  AmGUARD admits based on information and belief that the Second Amended Complaint in *Duncan I* was filed on September 1, 2017.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

19.   In response to Paragraph 19, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

20.   In response to Paragraph 20, AmGUARD admits the allegations of this paragraph.

21.   In response to Paragraph 21, AmGUARD admits the allegations of this paragraph.

22.   In response to Paragraph 22, AmGUARD admits the allegations of this paragraph.

23.   In response to Paragraph 23, AmGUARD admits the allegations of this paragraph.

24.   In response to Paragraph 24, AmGUARD admits that on October 17, 2017, Judge Cheng trebled the amount of the jury verdict and entered judgment against the Kihagi Parties in the *Duncan* Lawsuits in the amount of $3,528,000.  Except as expressly admitted, AmGUARD denies the remaining allegations of this paragraph.

25.   In response to Paragraph 25, AmGUARD admits that a copy of the amended judgment in *Duncan I* is attached to the Complaint as Exhibit F, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore

denies such allegations.

26.     In response to Paragraph 26, AmGUARD admits that a copy of an order in *Duncan I* is attached to the Complaint as Exhibit G, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

27.     In response to Paragraph 27, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

## **THE STARR POLICY**

28.     In response to Paragraph 28, AmGUARD admits that Starr attached a copy of a policy that it alleges it issued to Zoriall, LLC as Exhibit H.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

29.     In response to Paragraph 29, AmGUARD states that Exhibit H speaks for itself. Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

30.     In response to Paragraph 30, AmGUARD states that Exhibit H speaks for itself. Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

31.     In response to Paragraph 31, AmGUARD states that Exhibit H speaks for itself. Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

32.     In response to Paragraph 32, AmGUARD states that Exhibit H speaks for itself. Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such

1   allegations.

2       33.     In response to Paragraph 33, AmGUARD lacks sufficient knowledge or

3   information to form a belief as to the truth of the allegations of this paragraph and therefore

4   denies such allegations.

5       34.     In response to Paragraph 34, AmGUARD states that Exhibit H speaks for itself.

6   Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to

7   form a belief as to the truth of the allegations of this paragraph and therefore denies such

8   allegations.

9       35.     In response to Paragraph 35, AmGUARD states that Exhibit H speaks for itself.

10  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to

11  form a belief as to the truth of the allegations of this paragraph and therefore denies such

12  allegations.

13      36.     In response to Paragraph 36, AmGUARD states that Exhibit H policy speaks for

14  itself.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or

15  information to form a belief as to the truth of the allegations of this paragraph and therefore

16  denies such allegations.

17      37.     In response to Paragraph 37, AmGUARD lacks sufficient knowledge or

18  information to form a belief as to the truth of the allegations of this paragraph and therefore

19  denies such allegations.

20                    **STARR'S DEFENSE OF THE KIHAGI PARTIES IN**

21             **THE SMYTH LAWSUITS SUBJECT TO A RESERVATION OF RIGHTS**

22      38.     In response to Paragraph 38, AmGUARD lacks sufficient knowledge or

23  information to form a belief as to the truth of the allegations of this paragraph and therefore

24  denies such allegations.

25      39.     In response to Paragraph 39, AmGUARD lacks sufficient knowledge or

26  information to form a belief as to the truth of the allegations of this paragraph and therefore

27  denies such allegations.

28  / / /

AMGUARD'S ANSWER TO COMPLAINT

40.     In response to Paragraph 40, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

41.     In response to Paragraph 41, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

## STARR'S DEFENSE OF THE KIHAGI PATRIES IN THE DUNCAN LAWSUITS AND DUNCAN APPEALS SUBJECT TO A RESERVATION OF RIGHTS

42.     In response to Paragraph 42, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

43.     In response to Paragraph 43, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

44.     In response to Paragraph 44, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

45.     In response to Paragraph 45, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

## THE AmGUARD POLICY

46.     In response to Paragraph 46, AmGUARD admits that it issued a businessowner's policy to the named insured Zoriall LLC, policy number Z0BP601626 with effective dates of July 1, 2015 to July 20, 2016 ("AmGUARD Policy").  AmGUARD admits that a copy of the AmGUARD policy is attached as Exhibit I to the Complaint.  Except as expressly admitted herein, AmGUARD lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

47.     In response to Paragrah 47, AmGUARD admits that Zoriall LLC is the named insured under the AmGUARD Policy.

48.     In response to Paragraph 48, AmGUARD admits that the AmGUARD Policy's Declaration page lists Location: 001 as 69 Hill Street, San Francisco, CA, 94110-2311.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

49.     In response to Paragraph 49, AmGUARD admits that the AmGUARD Policy provided coverage subject to its terms, conditions, exclusions, limitations, and endorsements, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

50.     In response to Paragraph 50, AmGUARD admits that the AmGUARD Policy provided coverage subject to its terms, conditions, exclusions, limitations, and endorsements, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

51.     In response to Paragraph 51, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

52.     In response to Paragraph 52, AmGUARD admits that the AmGUARD Policy provided coverage subject to its terms, conditions, exclusions, limitations, and endorsements, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

53.     In response to Paragraph 53, AmGUARD admits that the AmGUARD Policy provided coverage subject to its terms, conditions, exclusions, limitations, and endorsements, the contents of which speak for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

54.     In response to Paragraph 54, AmGUARD admits that a copy of the AmGUARD policy is attached as Exhibit I to the Complaint is the policy "upon which STARR relies to support" its Complaint.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this

AMGUARD'S ANSWER TO COMPLAINT

paragraph and therefore denies such allegations.

## AMGUARD'S AGREEMENT TO DEFEND THE KIHAGI PARTIES IN
## THE SMYTH LAWSUITS AND FAILURE TO PAY
## ANY DEFENSE FEES AND COSTS

55.     In response to Paragraph 55, AmGUARD admits that on December 4, 2017, Anna Kihagi sent a copy of the complaints in *Smyth I* and *Smyth II* to AmGUARD.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

56.     In response to Paragraph 56, AmGUARD admits that it sent a letter dated January 11, 2018 to Zoriall LLC wherein AmGUARD agreed to defend Zoriall LLC with respect to the *Smyth II* matter under a reservation of rights.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

57.     In response to Paragraph 57, AmGUARD admits that a letter dated June 22, 2018 is attached as Exhibit J to the Complaint, the contents of which speaks for itself.  AmGUARD admits that the June 22, 2018 letter addressed to Zorial LLC states that " AmGUARD will join in paying (with Starr Insurance) the reasonable fees associated with your defense, to the extent you are covered by the Policy and the fees conform to Civil Code section 2860."  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

58.     In response to Paragraph 58, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

59.     In response to Paragraph 59, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Smyth* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

60.     In response to Paragraph 60, AmGUARD admits that it did not pay any sums toward the settlement of the Smyth Lawsuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

/ / /

61.     In response to Paragraph 61, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Smyth* Lawsuits.

### AMGUARD'S FAILURE TO DEFEND THE KIHAGI PARTIES IN
### THE DUNCAN LAWSUITS

62.     In response to Paragraph 62, AmGUARD denies each and every allegation of this paragraph.

63.     In response to Paragraph 63, AmGUARD admits that it sent a letter dated August 24, 2018 to Zoriall LLC, Anne Kihagi and Christina Mwangi rejecting the tender of the *Duncan* Lawsuits noting, among other things, that Starr tendered the *Duncan* Lawsuits to AmGUARD on July 10, 2018 after a jury verdict had already been rendered in the *Duncan* Lawsuits on October 5, 2017.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

64.     In response to Paragraph 64, AmGUARD admits that it did not participate in the defense of the Kihagi Parties in the *Duncan* Lawsuits as the Kihagi Parties had never tendered the *Duncan* Lawsuits to AmGUARD for defense and indemnity whereas Starr tendered the *Duncan* Lawsuits to AmGUARD on or about July 10, 2018 after a jury verdict has already been rendered in the *Duncan* Lawsuits on October 5, 2017.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

65.     In response to Paragraph 65, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Duncan* Lawsuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

66.     In response to Paragraph 66, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Duncan* Lawsuits.

### FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF
#### (AmGUARD's Sole Duty to Defend the *Smyth* Lawsuits)

67.     In response to Paragraph 67, AmGUARD incorporates by reference its responses to Paragraphs 1 through 66 as if fully set forth herein.

68.     In response to Paragraph 68, AmGUARD admits the allegations of this paragraph.

69.     In response to Paragraph 69, AmGUARD admits that it disagrees with Starr's position regarding AmGUARD's defense obligations.  The remainder of Paragraph 70 states a legal conclusion to which no response is required.  To the extent that a response is appropriate, AmGUARD denies the remaining allegations of this paragraph.

70.     In response to Paragraph 70, this paragraph states a legal conclusion to which no response is required.  To the extent a response is appropriate, AmGUARD denies each and every allegation of this paragraph.

71.     In response to Paragraph 71, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

72.     In response to Paragraph 72, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

## SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (AmGUARD's Duty to Defend the *Smyth* Lawsuits)

73.     In response to Paragraph 73, AmGUARD incorporates by reference its responses to Paragraphs 1 through 72 as if fully set forth herein.

74.     In response to Paragraph 74, AmGUARD admits the allegation of this paragraph.

75.     In response to Paragraph 75, AmGUARD denies that it is obligated to pay defense costs as alleged in this paragraph 75.  The remainder of Paragraph 75 states a legal conclusion to which no response is required.  To the extent that a response is appropriate, AmGUARD denies the remaining allegations of this paragraph.

76.     In response to Paragraph 76, AmGUARD denies that it is obligated to pay defense costs as alleged in this paragraph 76.  The remainder of Paragraph 76 states a legal conclusion to which no response is required.  To the extent a response is appropriate, AmGUARD denies each and every allegation of this paragraph.

77.     In response to Paragraph 77, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

/ / /

78.     In response to Paragraph 78, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

### THIRD CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (Reimbursement of Defense Fees and Costs for the *Smyth* Lawsuits)

79.     In response to Paragraph 79, AmGUARD incorporates by reference its responses to Paragraphs 1 through 78 as if fully set forth herein.

80.     In response to Paragraph 80, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

81.     In response to Paragraph 81, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

82.     In response to Paragraph 82, AmGUARD admits that a letter dated June 22, 2018 is attached as Exhibit J to the Complaint, the contents of which speaks for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

83.     In response to Paragraph 83, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

84.     In response to Paragraph 84, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Smyth* Lawsuits.

85.     In response to Paragraph 85, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Smyth* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

86.     In response to Paragraph 86, this paragraph states a legal conclusion to which no response is required.  To the extent a response is appropriate, AmGUARD denies each and every allegation of this paragraph.

AMGUARD'S ANSWER TO COMPLAINT

## FOURTH CLAIM FOR RELIEF FOR EQUITABLE CONTRIBUTION

### (*Smyth* Lawsuits)

87.     In response to Paragraph 87, AmGUARD incorporates by reference its responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     In response to Paragraph 88, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

89.     In response to Paragraph 89, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

90.     In response to Paragraph 90, AmGUARD admits that a letter dated June 22, 2018 is attached as Exhibit J to the Complaint, the contents of which speaks for itself.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

91.     In response to Paragraph 91, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

92.     In response to Paragraph 92, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

93.     In response to Paragraph 93, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

94.     In response to Paragraph 94, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Smyth* Lawsuits.

95.     In response to Paragraph 95, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Smyth* Lawsuits.  Except as expressly admitted herein, AmGUARD denies the remaining

1   allegations of this paragraph.

2         96.    In response to Paragraph 96, this paragraph states a legal conclusion to which no

3   response is required.  To the extent a response is required, AmGUARD denies each and every

4   allegation of this paragraph.

5   **FIFTH CLAIM FOR RELIEF FOR EQUITABLE SUBROGATION**

6   **(*Smyth* Lawsuits)**

7         97.    In response to Paragraph 97, AmGUARD incorporates by reference its responses

8   to Paragraphs 1 through 96 as if fully set forth herein.

9         98.    In response to Paragraph 98, AmGUARD admits that Zoriall LLC is a named

10   insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks

11   sufficient knowledge or information to form a belief as to the truth of the remaining allegations of

12   this paragraph and therefore denies such allegations.

13         99.    In response to Paragraph 99, this paragraph states a legal conclusion to which no

14   response is required.  To the extent a response is appropriate, AmGUARD denies each and every

15   allegation of this paragraph.

16        100.    In response to Paragraph 100, AmGUARD admits that a letter dated June 22, 2018

17   is attached as Exhibit J to the Complaint, the contents of which speaks for itself.  Except as

18   expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

19        101.    In response to Paragraph 101, AmGUARD lacks sufficient knowledge or

20   information to form a belief as to the truth of the allegations of this paragraph and therefore

21   denies such allegations.

22        102.    In response to Paragraph 102, AmGUARD lacks sufficient knowledge or

23   information to form a belief as to the truth of the allegations of this paragraph and therefore

24   denies such allegations.

25        103.    In response to Paragraph 103, this paragraph states a legal conclusion to which no

26   response is required.  To the extent a response is required, AmGUARD denies each and every

27   allegation of this paragraph.

28   / / /

AMGUARD'S ANSWER TO COMPLAINT

104.     In response to Paragraph 104, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Smyth* Lawsuits.

105.     In response to Paragraph 105, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Smyth* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

106.     In response to Paragraph 106, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

107.     In response to Paragraph 107, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

108.     In response to Paragraph 108, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

## SIXTH CLAIM FOR RELIEF FOR EQUITABLE INDEMNITY

### (*Smyth* Lawsuits)

109.     In response to Paragraph 109, AmGUARD incorporates by reference its responses to Paragraphs 1 through 108 as if fully set forth herein.

110.     In response to Paragraph 110, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

111.     In response to Paragraph 111, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

112.     In response to Paragraph 112, AmGUARD admits that a letter dated June 22, 2018 is attached as Exhibit J to the Complaint, the contents of which speaks for itself.  Except as

expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

113.     In response to Paragraph 113, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

114.     In response to Paragraph 114, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

115.     In response to Paragraph 115, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

116.     In response to Paragraph 116, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Smyth* Lawsuits.

117.     In response to Paragraph 117, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Smyth* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

118.     In response to Paragraph 118, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

## SEVENTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (AmGUARD's Sole Duty to Defend

### The *Duncan* Lawsuits and the *Duncan* Appeals)

119.     In response to Paragraph 119, AmGUARD incorporates by reference its responses to Paragraphs 1 through 118 as if fully set forth herein.

120.     In response to Paragraph 120, AmGUARD admits the allegations of this paragraph.

121.     In response to Paragraph 121, AmGUARD admits that it disagrees with Starr's position regarding AmGUARD's defense obligations.  The remainder of Paragraph 121 states a

legal conclusion to which no response is required.  To the extent that a response is required, AmGUARD denies the remaining allegations of this paragraph.

122.    In response to Paragraph 122, this paragraph states a legal conclusion to which no response is required.  To the extent a response is appropriate, AmGUARD denies each and every allegation of this paragraph.

123.    In response to Paragraph 123, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

124.    In response to Paragraph 124, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

## EIGHTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (Duty to Defend the *Duncan* Lawsuits and the *Duncan* Appeals)

125.    In response to Paragraph 125, AmGUARD incorporates by reference its responses to Paragraphs 1 through 124 as if fully set forth herein.

126.    In response to Paragraph 126, AmGUARD admits the allegations of this paragraph.

127.    In response to Paragraph 127, AmGUARD denies that it has any defense obligations.  The remainder of Paragraph 127 states a legal conclusion to which no response is required.  To the extent that a response is required, AmGUARD denies the remaining allegations of this paragraph.

128.    In response to Paragraph 128, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

129.    In response to Paragraph 129, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

130.    In response to Paragraph 130, this paragraph does not contain any allegations against AmGUARD.  Therefore, no response is required.

/ / /

/ / /

### NINTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF

### (Reimbursement of Defense Fees and Costs for

### the *Duncan* Lawsuits and the *Duncan* Appeals)

131.     In response to Paragraph 131, AmGUARD incorporates by reference its responses to Paragraphs 1 through 130 as if fully set forth herein.

132.     In response to Paragraph 132, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

133.     In response to Paragraph 133, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

134.     In response to Paragraph 134, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

135.     In response to Paragraph 135, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Duncan* Lawsuits.

136.     In response to Paragraph 136, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Duncan* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

137.     In response to Paragraph 137, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

### TENTH CLAIM FOR RELIEF FOR EQUITABLE CONTRIBUTION

### (*Duncan* Lawsuits and *Duncan* Appeals)

138.     In response to Paragraph 138, AmGUARD incorporates by reference its responses to Paragraphs 1 through 137 as if fully set forth herein.

139.    In response to Paragraph 139, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

140.    In response to Paragraph 140, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

141.    In response to Paragraph 141, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

142.    In response to Paragraph 142, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Duncan* Lawsuits.

143.    In response to Paragraph 143, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Duncan* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

144.    In response to Paragraph 144, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

## **ELEVENTH CLAIM FOR RELIEF FOR EQUITABLE SUBROGATION**

### **(*Duncan* Lawsuits and the *Duncan* Appeals)**

145.    In response to Paragraph 145, AmGUARD incorporates by reference its responses to Paragraphs 1 through 144 as if fully set forth herein.

146.    In response to Paragraph 146, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

/ / /

147.    In response to Paragraph 147, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

148.    In response to Paragraph 148, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

149.    In response to Paragraph 150, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Duncan* Lawsuits.

150.    In response to Paragraph 151, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Duncan* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

151.    In response to Paragraph 151, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

152.    In response to Paragraph 152, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

153.    In response to Paragraph 153, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

154.    In response to Paragraph 154, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

## TWELFTH CLAIM FOR RELIEF FOR EQUITABLE INDEMNITY

### (*Duncan* Lawsuits and the *Duncan* Appeals)

155.    In response to Paragraph 155, AmGUARD incorporates by reference its responses to Paragraphs 1 through 154 as if fully set forth herein.

156.    In response to Paragraph 156, AmGUARD admits that Zoriall LLC is a named insured under the AmGUARD Policy.  Except as expressly admitted herein, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies such allegations.

157.    In response to Paragraph 157, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

158.    In response to Paragraph 158, AmGUARD lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies such allegations.

159.    In response to Paragraph 159, AmGUARD admits that it has not filed a Declaratory Relief Action with respect to the *Duncan* Lawsuits.

160.    In response to Paragraph 160, AmGUARD admits that it has not paid any sums to Starr for the defense fees and costs Starr allegedly incurred in the defense of the Kihagi Parties in the *Duncan* Lawuits.  Except as expressly admitted herein, AmGUARD denies the remaining allegations of this paragraph.

161.    In response to Paragraph 161, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, AmGUARD denies each and every allegation of this paragraph.

**AFFIRMATIVE DEFENSES**

As for separate and affirmative defenses, AmGUARD alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

1.    To the extent that Plaintiff has failed to mitigate its damages, if any, such conduct bars or reduces any recovery sought by Plaintiff herein.

/ / /

/ / /

/ / /

**SECOND AFFIRMATIVE DEFENSE**

**(Offset)**

2.      Without admitting that the subject matter of this paragraph must be pled as an affirmative defense, AmGUARD alleges that Plaintiff may not recover from AmGUARD any amounts for which payments have been made to or are collected by Plaintiff from AmGUARD, any other parties in this litigation, or third parties/non-parties to this litigation, either directly or as a result of assignments, including, but not limited to, any other insurance carrier; and Plaintiff's recovery, if any, against AmGUARD must be reduced by the payments that have been made.

**THIRD AFFIRMATIVE DEFENSE**

(**Policy Terms, Conditions, and Exclusions**)

3.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the subject insurance policy.

**FOURTH AFFIRMATIVE DEFENSE**

(**Policy Terms, Conditions, and Exclusions**)

4.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claim that is the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)

. . .

**SECTION II – LIABILITY**

**A.  Coverages**

   **1.  Business Liability**

      **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and

AMGUARD'S ANSWER TO COMPLAINT

duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.  But:

(1) The amount we will pay for damages is limited as described in Paragraph **D.** -- Liability and Medical Expenses Limits Of Insurance in Section II - Liability; and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension - Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the coverage territory;

**(b)** The "bodily injury" or "property damage" occurs during the Policy period;

. . .

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the Policy period.

. . .

**F. Liability and Medical Expenses Definitions**

. . .

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:
**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;
**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

. . .

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of that property. All such loss of use shall be deemed to occur at the time of the physical injury

that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of uses shall be deemed to occur at the time of the occurrence that caused it.

. . . .

\* \* \*

## FIFTH AFFIRMATIVE DEFENSE

### (**Policy Terms, Conditions, and Exclusions**)

5.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claim that is the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)
**CA POLICY CUSTOMIZATIONS** (Form BP 99 12 11)

. . .

**SECTION II – LIABILITY**

. . .

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" (including any unexpected or unintended portion thereof) if any "bodily injury" or "property damage" was expected or intended from the standpoint of any insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property."

. . . .

\* \* \*

## SIXTH AFFIRMATIVE DEFENSE

### (**Policy Terms, Conditions, and Exclusions**)

6.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and

exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)
**CA POLICY CUSTOMIZATIONS** (Form BP 99 12 11)

. . .

**SECTION II – LIABILITY**

. . .

**B.  Exclusions**

    **1.  Applicable to Business Liability Coverage**

        This insurance does not apply to:

        . . .

        **p.  Personal and Advertising Injury**

            **(1)** Caused by or at the direction of or with the consent or acquiescence of any insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury;"

. . . .

\* \* \*

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

(**Policy Terms, Conditions, and Exclusions**)

7.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)

. . .

**SECTION II – LIABILITY**

. . .

**C.  Who Is An Insured**

    1.  If you are designated in the Declarations as:

        . . .

        **c.**  A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

. . . .

\* \* \*

/ / /

/ / /

AMGUARD'S ANSWER TO COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

8.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)
**CA POLICY CUSTOMIZATIONS** (Form BP 99 12 11)

. . .

**SECTION II – LIABILITY**

. . .

**E.  Liability and Medical Expenses General Conditions**

. . .

    **2.  Duties in the Event of Occurrence, Offense, Claim Or Suit**

        **a.**  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in claim.  To the extent possible, notice should include:

            **(1)** How, when and where the "occurrence" or offense took place;

            **(2)** The names and addresses of any injured persons and witnesses; and

            **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

        **b.**  If a claim is made or "suit" is brought against any insured, you must:

            **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

            **(2)** Notify us as soon as practicable.

            You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

        **c.**  You and any other involved insured must:

            **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

            **(2)** Authorize us to obtain records and other information;

            **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

. . .

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

. . .

**5. Representations**

When You Accept This Policy

By Accepting this policy, you agree:

**a.** The statements in the Declaration are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

\* \* \*

## <u>NINTH AFFIRMATIVE DEFENSE</u>

### (**Policy Terms, Conditions, and Exclusions**)

9.      As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)
**CALIFORNIA CHANGES** (Form BP 01 09 12)

. . .

**SECTION III – COMMON POLICY CONDITIONS**
**(APPLICABLE TO SECTION I - PROPERTY AND SECTION II - LIABILITY)**

. . .

**C. Concealment, Misrepresentation Or Fraud**

This policy is void if any insured, whether before or after a loss, has committed fraud or intentionally concealed or misrepresented any material fact or circumstance concerning:

1.   This policy;

2.   The Covered Property;

3.   An insured's interest in Covered Property; or

4.  A claim under this policy.

\* \* \*

### TENTH AFFIRMATIVE DEFENSE

### (**Policy Terms, Conditions, and Exclusions**)

10.    As a separate and affirmative defense to the Complaint, and without admitting that the terms, conditions and exclusions of an insurance policy must be pled as an affirmative defense, AmGUARD alleges that coverage for the claims that are the subject of this action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations and exclusions of the Subject Policy, including but not limited to the following:

**BUSINESSOWNER'S COVERAGE FORM** (Form BP 00 03 01 10)
. . .
**SECTION III – COMMON POLICY CONDITIONS
(APPLICABLE TO SECTION I - PROPERTY AND SECTION II - LIABILITY)**
. . .
**H.  Other Insurance**

**1.**  If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not.  But we will not pay more that then applicable Limit of Insurance of Section I - Property.

**2.**  Business Liability Coverage is excess over:

**a.**  Any other insurance that insures for direct physical loss or damage; or

**b.**  Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

**3.**  When this insurance is excess, we will have no duty under the Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
. . . .

\* \* \*

### ELEVENTH AFFIRMATIVE DEFENSE

### (**Misrepresentation, Fraud and Concealment in Insurance Application**)

11.    The Complaint, and each cause of action therein is barred, on the ground that the insurance application submitted by the insured to AmGUARD contained material misrepresentations, fraudulent representations and/or concealed material facts such that there is

no coverage available under the policy.  Among other things, the insured misstated in its insurance application that it was not involved in any litigation, had no uncorrected fire code violations and was in compliance with all life safety requirements and applicable building ordinances and laws.

### TWELFTH AFFIRMATIVE DEFENSE

**(Rescission Based on Insurance Application)**

12.     The Complaint, and each cause of action therein is barred, on the ground that the insurance application submitted by the insured to AmGUARD contained material misrepresentations, fraudulent representations and/or concealed material facts such that AmGUARD is entitled to rescind the policy since its inception.  Among other things, the insured misstated in its insurance application that it was not involved in any litigation, had no uncorrected fire code violations and was in compliance with all life safety requirements and applicable building ordinances and laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Conditions Precedent)**

13.     The Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff and/or the insured failed to satisfy conditions precedent related to the claims set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Provide Notice and to Provide Prompt Notice)**

14.     The Complaint, and each cause of action therein, is barred on the ground that either no notice or tender was made to AmGUARD regarding the underlying action until after a judgment was rendered or the underlying action was tendered to AmGUARD well after the initiation of the underlying action and as such, among other things, AmGUARD has no duty to defend or indemnify with respect to the underlying actions.

/ / /

/ / /

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

15.     Plaintiff's claims against AmGUARD are barred to the extent that Plaintiff acted as a volunteer in providing defense and indemnity to the insured under Plaintiff's policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Insurance Code § 533)

16.     Plaintiff's claims are barred to the extent that California Insurance Code § 533 applies to any judgment against the insured as Section 533 provides that an insurer is not liable for a loss caused by the wilful act of the insured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, Laches, and Unclean Hands)

17.     AmGUARD alleges that Plaintiff's claims are barred by one or more of the equitable doctrines, including those of estoppel, waiver, laches and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

18.     The actions and conduct of Defendant were not the proximate cause of any damages alleged by Plaintiff, which in fact were proximately caused and contributed to by the superseding and intervening actions of other persons and entities, including Plaintiff, its agents, and others whose actions are chargeable to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

19.     As to the Complaint, AmGUARD alleges that the injury or damage, if any, sustained by Plaintiff was caused or contributed to by the acts, errors, or omissions of Plaintiff or other individuals or entities, and Plaintiff's recovery, if any, against AmGUARD, must be reduced accordingly.

/ / /

/ / /

/ / /

AMGUARD'S ANSWER TO COMPLAINT

1

## TWENTIENTH AFFIRMATIVE DEFENSE

2

### (Apportionment)

3        20.        Defendant's obligation in connection with the Complaint, if any, must be

4   apportioned among all of the responsible persons, including any additional party or parties that

5   are or may become part of this litigation.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7

### (Discharge of Duties or Obligations)

8        21.        Without admitting the existence of any contractual rights, duties, or obligations

9   between the insured and Defendant, Defendant alleges that it has discharged, by performance, or

10   tender of performance, all contractual duties or obligations on its part to be performed.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

12

### (Statute of Limitations)

13        22.        Plaintiff's Complaint is barred by the statute of limitations contained in sections

14   337, 338, and 339 of the California Code of Civil Procedure.

15        WHEREFORE, defendant AmGUARD  Insurance Company requests the following:

16        a.        Plaintiff take nothing by way of its Complaint;

17        b.        Defendant be awarded its costs of suit herein; and

18        c.        For such and other further relief as the Court deems just and proper.

19

20

Dated:  April 10, 2020                                          WESTON & McELVAIN LLP

21

22

                                    By:   **s/ Wynn C. Kaneshiro**
23                                          Richard C. Weston
                                          Wynn C. Kaneshiro
24                                          Attorneys for Defendant
                                          **AmGUARD Insurance Company**
25

26

27

28

*Starr Indemnity & Liability Company v. AmGUARD Insurance Company*
USDC-CAND, Case No. 4:20-cv-959-SI

**PROOF OF SERVICE**

I, Regina Macleod, declare:

I am employed in the County of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On April 10, 2020, I served a copy of the following document:

**DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO COMPLAINT**

By electronically filing the foregoing document with the Clerk of the United States District Court, Northern District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 10, 2020 at Hawthorne, California.

Regina Macleod

PROOF OF SERVICE

*Starr Indemnity & Liability Company v. AmGUARD Insurance Company*
USDC-CAND, Case No. 4:20-cv-959-SI

1

## SERVICE LIST

2    Mary E. McPherson                              *Attorneys for Plaintiff,*
     **TRESSLER LLP**                                   Starr Indemnity & Liability
3    2 Park Plaza, Suite 1050                        Company
     Irvine, California 92614
4    Telephone:      (949) 336-1224
     Facsimile:      (949) 752-0645
5    E-mail:         mmcpherson@tresslerllp.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2