Julie N. Nong (SBN 208013)
NT Law
2600 W. Olive Ave., 5th Fl., #647
Burbank, CA 91505
Tel: 888.588.0428
Fax:  888.588.0427
Email: julienong@ntlawgroup.com

Attorney for Third-Party Defendants
Zoriall LLC, Anne Kihagi, and
Christina Mwangi

**UNITED STATES DISTRICT COURT**
**NORTHEN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, a Texas Corporation, | ) ) ) | Case No. 3:20-cv-00959-SI |
| Plaintiff, | ) ) ) | **AMENDED ANSWER AND AFFIRMATIVE DEFENSES BY THIRD PARTY DEFENDANTS** |
| v. | ) ) | **ZORIALL LLC, ANNE KIHAGI AND CHRISTINA MWANGI TO** |
| AmGUARD INSURANCE COMPANY, a Pennsylvania Corporation, | ) ) ) | **AMGUARD INSURANCE COMPANY'S THIRD-PARTY COMPLAINT** |
| Defendants. | ) ) | |
| _____ AND RELATED COUNTERCLAIM AND THIRD PARTY COMPLAINT _____ | ) ) ) ) | |

Third Party Defendants Zoriall LLC ("Zoriall"), Anne Kihagi ("Kihagi") and Christina Mwangi ("Mwangi") (collectively, "Zoriall") hereby respond to AmGUARD Insurance Company's ("AmGUARD") Third-Party Complaint and Counterclaim ("Third-Party Complaint") as follows:

**JURISDICTION**

1.     In response to Paragraph 1 of the Third-Party Complaint/Counterclaim, Zoriall, admits this court has original jurisdiction under 28 U. S. C. §1332 as this is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of costs and interest. In further response, Starr denies that its prayer for

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

relief is limited to the amounts set forth in Paragraph 1 of the Third-Party Complaint/Counterclaim.

## **INTRODUCTION**

2.    In response to Paragraph 2 of the Third-Party Complaint/Counterclaim ("TPC"), Zoriall admits only that AmGUARD seeks to rescind the Businessowner's Policy AmGUARD issued to the named insured Zoriall LLC, policy number ZBP601626 with effective dates of July 20, 2015 to July 20, 2016 (the "AmGUARD Policy") and further seeks a judicial determination that "no coverage exists for various underlying actions brought against Zoriall LLC, Anna Kihagi and Christina Mwangi including the judgment awarded against them in the Duncan Lawsuits." Except as expressly admitted herein, Zoriall denies the remaining allegations of Paragraph 2.

3.    The allegations in paragraph 3 constitute legal conclusions and therefore do not require a response. Without waiving their objections, Zoriall denies the allegations contained within paragraph 3 of the TPC.

## **THE PARTIES**

4.    Zoriall admits the allegations in Paragraph 4 of the TPC.

5.    Zoriall admits the allegations in Paragraph 5 of the TPC.

6.    Zoriall admits the allegations in Paragraph 6 of the TPC.

7.    Zoriall admits the allegations in Paragraph 7 of the TPC.

8.    Zoriall admits that Zoriall is, and at all relevant times was, a limited liability company organized under the laws of the State of California.  Zoriall denies the rest of the allegations in Paragraph 8 of the TPC.

9.    Zoriall admits the allegations in Paragraph 9 of the TPC.

10.    Zoriall admits the allegations in Paragraph 10 of the TPC.

11.    Zoriall admits the allegations in Paragraph 11 of the TPC.

## **BACKGROUND FACTS**

### THE AMGUARD POLICY

12.    The allegations in paragraph 12 constitute legal conclusions and therefore do

2

1

2  not require a response. Without waiving their objections, Zoriall denies the allegations

3  contained within paragraph 12 of the TPC.

4      13.    The allegations in paragraph 13 constitute legal conclusions and therefore do

5  not require a response. Without waiving their objections, Zoriall denies the allegations

6  contained within paragraph 13 of the TPC.  Further, Zoriall lacks knowledge or information

7  sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis

8  denies such allegations.

9      14.    The allegations in paragraph 14 constitute legal conclusions and therefore do

10  not require a response. Without waiving their objections, Zoriall admits that a

11  Businessowner's Policy, policy number Z0BP601626 to Zoriall LLC for the policy period

12  of July 20, 2015 to July 20, 2016 was issued to Zoriall by AmGUARD, which policy speaks

13  for itself.  Zoriall denies the remaining allegations contained within paragraph 14 of the

14  TPC.

15      15.    Zoriall admits that a Businessowner's Policy, policy number Z0BP601626 to

16  Zoriall LLC for the policy period of July 20, 2015 to July 20, 2016 was issued by

17  AmGUARD to Zoriall, which policy speaks for itself.  Without waiving their objections,

18  Zoriall denies the allegations contained within paragraph 12 of the TPC.

19      16.    Zoriall admits that a Businessowner's Policy, policy number Z0BP601626 to

20  Zoriall LLC for the policy period of July 20, 2015 to July 20, 2016 was issued by

21  AmGUARD to Zoriall, which policy speaks for itself.

22      17.    Zoriall admits that a Businessowner's Policy, policy number Z0BP601626 to

23  Zoriall LLC for the policy period of July 20, 2015 to July 20, 2016 was issued by

24  AmGUARD to Zoriall, which policy speaks for itself.

25      18.    Zoriall admits that a Businessowner's Policy, policy number Z0BP601626 to

26  Zoriall LLC for the policy period of July 20, 2015 to July 20, 2016 was issued by

27  AmGUARD to Zoriall, which policy speaks for itself.

28  **PRIOR LITIGATIOIN INVOLVING ZORIALL, KIHAGI AND MWANGI**

       19.    The allegations in paragraph 19 constitute legal conclusions and therefore do

3

not require a response.  Without waiving the foregoing objections, Zoriall admits only that Zoriall LLC, as well as Anne Kihagi, are or were parties in the following lawsuits: (a) *Duncan, et al. v. Zoriall, et al.*, San Francisco Superior Court, Case No. CGC 15-545655 ("Duncan I"); (b) *Zoriall, LLC v. Duncan, et al.*, San Francisco County Superior Court, Case No. CUD 15- 652719; (c) *City and County of San Francisco v. Anne Kihagi*, et al., San Francisco County Superior Court, Case No. CGC 15-546152; and (d) *Reggars, et al. v. Anne Kihag*i, et al., San Francisco Superior Court, case number CGC 15-546342.

20.     Zoriall admits that in the *Duncan I Action*, Zoriall, Kihagi and Mwangi are parties to that lawsuit and that the pleadings, filings, trial testimony, jury findings, court rulings and judgment in that lawsuit speak for themselves.  Zoriall denies any allegation in Paragraph 20 that is inconsistent with the pleadings, filings, trial testimony, jury findings, court rulings and judgments in *Duncan I*.  Except as expressly admitted herein, Zoriall lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and, on that basis, denies such allegations.

21.      Zoriall admits only that Zoriall LLC is a party in the *Duncan I* lawsuit, and that the pleadings, filings, trial testimony, findings, court rulings and judgments in that lawsuit speak for themselves.

22.     Zoriall admits only that the San Francisco Superior Court reflects an unlawful detainer complaint was filed by Zoriall LLC, on June 25, 2015, against Dale Duncan and Marta Mendoza, and that the pleadings and filings in that lawsuit speak for themselves.

23.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi are or were parties in *City and County of San Francisco v. Anne Kihagi, et al.*, San Francisco County Superior Court, Case No. CGC 15-546152, and that the pleadings, filings, trial testimony, findings, court rulings and judgments in that lawsuit speak for themselves, and denies any allegation in Paragraph 23 that is inconsistent with the pleadings, filings, trial testimony, findings, court rulings and judgments in that lawsuit.

24.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi are or were parties in *City and County of San Francisco v. Kihagi*, San Francisco County Superior Court, Case No. CGC 15-546152, and that the pleadings, filings, trial testimony,

4

findings, court rulings and judgments in that lawsuit speak for themselves.

25.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi are or were parties in *Reggars, et al. v. Anne Kihagi, et al.*, San Francisco Superior Court, case number CGC 15-546342, and that the pleadings, filings, and court rulings in that lawsuit speak for themselves.  Zoriall lacks knowledge or information sufficient to form a belief about the truth of AmGUARD's belief, and on that basis denies such allegation regarding AmGUARD's belief.

26.     The allegations in paragraph 26 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 26 of the TPC.

27.     The allegations in paragraph 27 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis denies such allegations.

28.     The allegations in paragraph 28 constitute legal conclusions and therefore do not require a response. Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 28 of the TPC.

## REPRESENTATIOIN REGARDING COMPLIANCE WITH
## APPLICABLE ORDINANCE AND LAWS

29.     The allegations in paragraph 29 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 29 of the TPC.

30.     The allegations in paragraph 30 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 30 of the TPC.

## REPRESENTATION REGARDING PROPERTY
## MAINTENANCE AGREEMENT

31.     The allegations in paragraph 31 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

denies the allegations contained within paragraph 31 of the TPC.

32.     The allegations in paragraph 32 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 33 of the TPC.

### THE UNDERLYING *SMYTH* LAWSUITS

33.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi were named as parties in *Smyth, et al. v. Anne Kihagi, et al*., San Francisco County Superior Court, Case No. CGC 15-546973 ("*Smyth* I") and that the pleadings, filings, and court rulings in the *Smyth I* lawsuit speak for themselves, and denies any allegation in Paragraph 33 that is inconsistent with the pleadings, filings, and court rulings in *Smyth I*.

34.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi were named as parties in *Smyth, et al. v. Anne Kihagi, et al*., San Francisco County Superior Court, Case No. CGC 15-546973 ("Smyth I") and that the pleadings, filings, and court rulings in the *Smyth I* lawsuit speak for themselves, and denies any allegation in Paragraph 34 that is inconsistent with the pleadings, filings, and court rulings in *Smyth I*.

35.     Zoriall admits only that Zoriall LLC, Anne Kihagi and Christina Mwangi were named as parties in *Smyth, et al. v. Anne Kihagi, et al*., San Francisco County Superior Court, Case No. CGC 15-546973 ("Smyth I") and that the pleadings, filings, and court rulings in the *Smyth I* lawsuit speak for themselves, and denies any allegation in Paragraph 35 that is inconsistent with the pleadings, filings, and court rulings in *Smyth I*.

36.     Zoriall admits only that the *Smyth I* and *Smyth II* lawsuits were tendered to AmGUARD and that, by letter dated January 11, 2018, AmGUARD agreed to defend the Smyth I and Smyth II lawsuits.

37.     Zoriall admits Star agreed to defend and paid for the attorneys' fees and costs to defend the Kihagi Defendants in the *Smyth I* and *Smyth II* lawsuits under a full and complete reservation of rights and that, after placing AmGUARD on notice of the AmGUARD's opportunity to settle the *Smyth I* and *Smyth II* lawsuits, Starr funded 100% of the settlement of *Smyth I* and *Smyth II* on behalf of the Kihagi Defendants.

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

## THE UNDERLYING *DUNCAN* LAWSUITS

38.     Zoriall admits only that Duncan and Mendoza filed the *Duncan I* lawsuit against Zoriall LLC, Anne Kihagi and Christina Mwangi, and that the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the *Duncan I* lawsuit speak for themselves, including the date the Complaint was filed.

39.     Zoriall admits only that Duncan and Mendoza filed a complaint in the *Duncan II* lawsuit and that the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the *Duncan II* lawsuit speak for themselves, and denies any allegation in Paragraph 39 that is inconsistent with the pleadings, filings, trial testimony, jury findings, court rulings and judgments in *Duncan II*.

40.     Zoriall admits only that the *Duncan I* and *Duncan II* lawsuits ("Duncan Lawsuits") were consolidated and that the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the Duncan Lawsuits speak for themselves, and denies any allegation in Paragraph 40 that is inconsistent with the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the *Duncan* Lawsuits.

41.      Zoriall admits only that *Duncan* Lawsuits were tried to a jury, that judgment based on a jury verdict was entered against the Kihagi Defendants in the Duncan Lawsuits, and that the pleadings, filings, trial, testimony, jury findings, court rulings and judgments in the Duncan Lawsuits speak for themselves, and denies any allegation in Paragraph 41 that is inconsistent with the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the *Duncan* Lawsuits. Zoriall further admits that Exhibit C to AmGUARD's TPC is a true and correct copy of a Judgment on Jury Verdict, filed October 17, 2017, which Judgment speaks for itself.

42.     Zoriall admits only that an amended judgment was entered against the Kihagi Defendants in the Duncan Lawsuits, and that the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the Duncan Lawsuits speak for themselves, and denies any allegation in Paragraph 42 that is inconsistent with the pleadings, filings, trial testimony, jury findings, court rulings and judgments in the *Duncan* Lawsuits.

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

43.    The allegations in paragraph 43 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 43 of the TPC.

44.    Zoriall lacks knowledge or information sufficient to form a belief about the truth of as to exactly when Star sent a letter dated July 10, 2010 to AmGUARD and on that basis denies such allegations.

## FIRST CAUSE OF ACTION FOR RESCISSION

(Against All Third Party Defendants and Starr)

45.    Zoriall incorporates by reference its responses to Paragraphs 1 through 44 as if fully set forth herein.

46.    The allegations in paragraph 46 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 46 of the TPC.

47.    The allegations in paragraph 47 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 47 of the TPC.

48.    The allegations in paragraph 48 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 48 of the TPC.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## RE NO COVERAGE UNDER THE POLICY

(Against All Third Party Defendants and Starr)

49.    Zoriall incorporates by reference its responses to Paragraphs 1 through 48 as if fully set forth herein.

50.    The allegations in paragraph 50 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 50 of the TPC.

51.    The allegations in paragraph 51 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

8

1  denies the allegations contained within paragraph 51 of the TPC.

2       52.     The allegations in paragraph 52 constitute legal conclusions and therefore do

3  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

4  denies the allegations contained within paragraph 52 of the TPC.

5                  **THIRD CAUSE OF ACTIOIN FOR DECLARATORY RELIEF**

6                  **RE DUTY TO DEFEND AND INDEMNIFY DUNCAN LAWSUITS**

7                            (Against All Third Party Defendants and Starr)

8       53.     Zoriall incorporates by reference its responses to Paragraphs 1 through 52 as

9  if fully set forth herein.

10       54.     The allegations in paragraph 54 constitute legal conclusions and therefore do

11  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

12  denies the allegations contained within paragraph 54 of the TPC.

13       55.     Zoriall admits only that the AmGUARD issued a Businessowners' Policy,

14   policy number Z0BP601626 to Zoriall LLC for the policy period July 20, 2015 to July 20,

15   2016, which policy speaks for itself.

16       56.     The allegations in paragraph 56 constitute legal conclusions and therefore do

17  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

18  denies the allegations contained within paragraph 56 of the TPC.

19       57.     The allegations in paragraph 57 constitute legal conclusions and therefore do

20  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

21  denies the allegations contained within paragraph 57 of the TPC.

22       58.     The allegations in paragraph 58 constitute legal conclusions and therefore do

23  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

24  denies the allegations contained within paragraph 58 of the TPC.

25       59.     The allegations in paragraph 59 constitute legal conclusions and therefore do

26  not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall

27  denies the allegations contained within paragraph 59 of the TPC.

28  / / /

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

## FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF
## RE DUTY TO DEFEND AND INDEMNIFY SMYTH LAWSUITS

(Against Kihagi Defendants and Starr)

60.     Zoriall incorporates by reference its responses to Paragraphs 1 through 59 as if fully set forth herein.

61.     The allegations in paragraph 61 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 61 of the TPC.

62.     The allegations in paragraph 62 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 62 of the TPC.

63.     The allegations in paragraph 63 constitute legal conclusions and therefore do not require a response.  Without waiving the foregoing objections, Zoriall responds: Zoriall denies the allegations contained within paragraph 63 of the TPC.

## PRAYER FOR RELIEF

1.     Zoriall denies that AmGUARD is entitled to the relief it seeks as to Starr and further states as follow:

(a)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

(b)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

(c)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

(d)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

(e)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

2.     Zoriall denies that AmGUARD is entitled to the relief it seeks as to Zoriall and

---

10

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

further states as follow:

(a)  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

(b) Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

3.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

4.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

5.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

6.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

7.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

8.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall to the extent it is not supported by California law.

9.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

10.  Zoriall denies AmGUARD is entitled to any of the requested relief it seeks from Zoriall.

**GENERAL DENIAL**

1.      Zoriall denies generally, specifically, conjunctively, and disjunctively each and every allegation of each and every paragraph of each and every claim for relief asserted in the Third-Party Complaint/Counterclaim, in its entirety, and denies that AmGUARD sustained any damages in the manner or sums alleged, or at all, by reason of any act, breach, or omission by Zoriall, and further denies that AmGUARD is entitled to the relief sought.

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

2.      Further answering the Third-Party Complaint/Counterclaim, and the whole thereof, Starr denies that AmGUARD has sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of Zoriall.

3.      By its affirmative defenses, Zoriall contends no shifting of the burdens of proof and/or burdens of production of evidence which otherwise exists with respect to any particular issue at law or equity.  Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability by Zoriall or that AmGUARD is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1.      Zoriall alleges that in each and every cause of action contained herein, fails to state fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Zoriall.

### SECOND AFFIRMATIVE DEFENSE

2.      Zoriall alleges that in each and every cause of action, Zoriall's conduct was not the cause in fact nor the proximate cause of any injury, loss, or damage alleged by AmGUARD.

### THIRD AFFIRMATIVE DEFENSE

3.      AmGUARD's claims are barred, in whole or in part, because AmGUARD had notice of, but did not participate in, the settlement of the Smyth Lawsuits.

### FOURTH AFFIRMATIVE DEFENSE

4.      AmGUARD's claims are barred, in whole or in part, because AmGUARD's denial of coverage based on "late notice" of the Duncan Lawsuits bars AmGUARD from asserting other coverage defenses to preclude its obligations to Zoriall.

### FIFTH AFFIRMATIVE DEFENSE

5.      Zoriall alleges that in each and every cause of action, the conduct of Zoriall was justified or privileged or both under the circumstances barring any recovery against Zoriall.

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

**SIXTH AFFIRMATIVE DEFENSE**

6.      Zoriall alleges that in each and every cause of action, should AmGUARD recover damages against any defendants, Zoriall is entitled to have the amount abated, reduced or eliminated to the extent other third parties' fault caused or contributed to plaintiffs' damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Zoriall contends that in each and every cause of action, the sole and/or proximate cause of the damages claimed by AmGUARD was and is due to the wilful and intentional acts of persons and/or entities other than Zoriall.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Zoriall alleges that in each and every cause of action, AmGUARD's alleged damages or injuries, if any, were aggravated by its failure to use reasonable diligence to mitigate them.

**NINETH AFFIRMATIVE DEFENSE**

9.      AmGUARD's claims are barred, in whole or in part, because AmGUARD had notice of the Duncan Lawsuits at all relevant times, including prior to October 17, 2017.

**TENTH AFFIRMATIVE DEFENSE**

10.      In each and every cause of action, AmGUARD's alleged duties as claimed in the TPC, if any so existed, have been excused by the doctrine of impossibility in that the performance of said obligation is and has been rendered impossible and/or commercially impracticable.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Zoriall alleges that in each and every cause of action, AmGUARD is not entitled to the relief sought by reason of its own unclean hands with regard to the matters alleged in the complaint.  The TPC and each cause of action therein are barred by the approval and ratification of the actions complained of therein.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      Zoriall alleges that in each and every cause of action, assuming _arguendo_ that

13

Zoriall owed any obligation to which full performance has not been rendered, which Zoriall expressly denies, performance of said obligation has been excused by the acts and omissions of AmGUARD or its agents excluding these defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Zoriall alleges that in each and every cause of action, AmGUARD has not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by Zoriall.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Zoriall alleges that in each and every cause of action, Zoriall had legal justification for all of their actions and omissions and therefore the complaint and each and every cause of action therein is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     In each and every cause of action, AmGUARD has insufficient evidence to prove that Zoriall had actual knowledge of a serious risk of harm to the AmGUARD, or any persons, and disregarded such knowledge.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Zoriall pleads in each and every cause of action that it was acting without malice in good faith at all relevant times and therefore enjoy good faith immunity from suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     AmGUARD's claims are barred, in whole or in part, because AmGUARD was not prejudiced by "late notice", if any, of the *Duncan* Lawsuits.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As and for an Eighteenth, separate and distinct affirmative defense, Zoriall alleges that in each and every cause of action and at all times mentioned in the TPC, AmGUARD acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the TPC; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

### NINTEENTH AFFIRMATIVE DEFENSE

19.  AmGUARD's claims are barred, in whole or in part, to the extent that AmGUARD had the opportunity to, but did not, participate in the settlement of the *Smyth* Lawsuits.

### TWENTIETH AFFIRMATIVE DEFENSE

20.  AmGUARD's claims are barred, in whole or in part, because AmGUARD agreed to defend the *Smyth* Lawsuits.

### TWENTY FIRST AFFIRMATIVE DEFENSE

21.  AmGUARD's claims are barred, in whole or in part, because AmGUARD agreed to pay attorneys' fees, costs and expenses incurred to defend the *Smyth* Lawsuits.

### TWENTY SECOND AFFIRMATIVE DEFENSE

22.  AmGUARD's claims are barred, in whole or in part, to the extent that AmGUARD did not timely rescind the AmGUARD Policy.

### TWENTY THIRD AFFIRMATIVE DEFENSE

23.  Plaintiffs, by the statements, conduct, acts, omissions and acquiescence attributable to them, and each of them, are barred from asserting any of the claims and causes of action contained in the Complaint, insofar as they are in pari delicto to Defendant.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

24.  The greater weight of the relative equities between the parties to this TPC favors Zoriall.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

25.  If AmGUARD suffered any damages or harm, which is denied, AmGUARD, by the statements, conduct, acts, omissions and acquiescence attributable to them, and each of them, proximately caused and contributed to its own alleged damages or harm, thereby reducing the liability of Zoriall, if any, by the comparative fault of AmGUARD.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

26.  AmGUARD, by the statements, conduct, acts, omissions and acquiescence

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

attributable to it, and each of them, ratified the acts of their agents, employees, subordinates and predecessors in interest, thereby precluding it from seeking any recovery or remedy as alleged in the TPC.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

27.　AmGUARD, by the statements, conduct, acts, omissions and acquiescence attributable to them, and each of them, have waived all claims and causes of action and any recovery or remedy as alleged in the TPC.

### TWENTY EIGTH AFFIRMATIVE DEFENSE

28.　AmGUARD, by the statements, conduct, acts, omissions and acquiescence attributable to them, and each of them, are estopped from seeking any recovery or remedy as alleged in the TPC.

### TWENTY NINTH AFFIRMATIVE DEFENSE

29.　Plaintiffs failed to join all necessary parties.

### THIRTIETH AFFIRMATIVE DEFENSE

30.　AmGUARD's claims are barred, in whole or in part, to the extent that the doctrine of laches applies.

### THIRTIETH AFFIRMATIVE DEFENSE

31.　AmGUARD's claims are barred, in whole or in part, to the extent that the doctrine of estoppel applies.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

32.　AmGUARD's claims are barred, in whole or in part, to the extent the claims are prohibited, limited, or regulated by applicable California law, statute and/or public policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

33.　AmGUARD's claims are barred, in whole or in part, to the extent that AmGUARD's TPC, and each alleged cause of action therein, is vague, ambiguous, and uncertain.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI

34.     AmGUARD's claims are barred, in whole or in part, because AmGUARD had notice of the Smyth Lawsuits at all relevant times.

## THIRTY-FOURTHAFFIRMATIVE DEFENSE

35.     Zoriall presently has insufficient knowledge or information on which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available, and thus Starr reserves the right to assert additional affirmative defenses as the factual basis for AmGUARD's claims becomes known.

## PRAYER FOR RELIEF

WHEREFORE, Zoriall respectfully pray for relief as hereinafter set forth:

1. That all relief requested in the TPC be denied with prejudice;

2. That AmGUARD take nothing by its action;

3. That judgment be entered in Zoriall's favor;

4. That Zoriall be awarded all costs of suit, including reasonable attorneys' fees; and

5. Such further and other relief as the Court deems just and proper.

Dated:  September 30, 2020                NT Law

/s/ Julie N. Nong
_____
Julie N. Nong
Attorneys for Defendants ZORIALL LLC,
ANNE KIHAGI and CHRISTINA MWANGI

AMENDED ANSWER BY ZORIALL LL, ANNE KIHAGI AND CHRISTINA MWANGI