UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>    Defendant.<br>--------------------------------------------------<br><br>AMGUARD INSURANCE COMPANY,<br>Third Party Plaintiff and Counterclaimant,<br><br>    v.<br>ZORIALL LLC, a California limited liability company; ANNE KIHAGI, a California citizen; CHRISTINA MWANGI, a California citizen; DALE DUNCAN, a California citizen; MARTA MUNOZ MENDOZA, a California citizen; and STARR INDEMNITY & LIABILITY COMPANY,<br>Third Party Defendants and Counter-Defendant. | Case No. 20-cv-00959-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 72 |

    Plaintiff and counter-defendant Starr Indemnity & Liability Company ("Starr") has filed a motion for judgment on the pleadings, and the motion is scheduled for a hearing on August 27, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

Starr filed this action against AmGUARD Insurance Company ("AmGUARD") seeking declaratory and equitable relief regarding the defense and indemnity of Starr and AmGUARD's mutual insureds, Zoriall LLC, Anne Kihagi, and Christina Mwangi (collectively, the "Kihagi Parties"[1]), against the claims and damages alleged against the Kihagi Parties in the underlying *Smyth* and *Duncan* Lawsuits. AmGUARD denies that it owed a duty to defend or indemnify the *Smyth* and *Duncan* Lawsuits, and has asserted 22 affirmative defenses, including misrepresentation, fraud and concealment in the insurance application (eleventh affirmative defense) and rescission (twelfth affirmative defense). AmGUARD has also filed a third party complaint against the Kihagi Parties and Starr seeking rescission of the insurance policy and a judicial declaration that there is no coverage under its policy for the *Smyth* and *Duncan* Lawsuits due to Zoriall LLC's alleged material misrepresentations and/or concealment of material facts in its insurance application.

Starr requests judgment on the pleadings in favor of Starr and against AmGUARD on the following: (1) Starr's second claim for relief for declaratory relief on AmGUARD's duty to defend the *Smyth* Lawsuits; (2) AmGUARD's fourth cause of action for declaratory relief as to Starr on the duty to defend the *Smyth* Lawsuits; (3) AmGUARD's twelfth affirmative defense of rescission; and (4) AmGUARD's first cause of action for recission as to Starr. Starr's motion does not seek judgment on the pleadings with regard to AmGUARD's duty to defend or indemnify the *Duncan* Lawsuits.

Starr contends that it is entitled to judgment on the pleadings because AmGUARD has admitted that it agreed to defend the *Smyth* Lawsuits pursuant to a reservation of rights, admitted that it sent a letter to its insured stating it would join in paying (with Starr) the fees and costs incurred in defending the *Smyth* Lawsuits, and admitted that it did not pay any sums to Starr for the defense fees and costs. Citing *Angle v. U.S. Fid. & Guar. Co.*, 201 Cal. App. 2d 758, 763 (1962), Starr contends that AmGUARD "cannot belatedly assert rescission to bar Starr's rights because the rights

---

[1] Starr and AmGUARD both issued policies to Zoriall LLC. Anne Kihagi is the sole member of Zoriall LLC. It is not clear whether Ms. Mwangi is covered by the insurance policies, although the parties refer in their papers to the "Kihagi Parties" as the "insureds."

1 of Starr intervened and circumstances changed [such] that rescission may not be decreed without
2 injury to Starr's rights to equitable contribution and indemnity against AmGUARD." Reply at 2-3.
3 Starr also argues that AmGUARD cannot seek rescission because it did not promptly assert
4 rescission and instead waited until this lawsuit to raise rescission in its answer and counter- and
5 cross-complaint.

6 AmGUARD contends that Starr's motion must be denied because AmGUARD asserts
7 numerous affirmative defenses that, if successful, would result in voiding AmGUARD's policy *ab*
8 *initio*. AmGUARD argues that if the policy is voided, all of Starr's claims against AmGUARD fail
9 as a matter of law because Starr's claims for equitable indemnity, contribution and subrogation
10 depend upon the existence of a valid policy issued by AmGUARD. AmGUARD argues that the
11 Court must take as true AmGUARD's allegations that the AmGUARD policy was procured by
12 material misrepresentation, concealment and fraud, and that whether AmGUARD is entitled to
13 rescind the policy raises factual questions beyond the scope of the pleadings. AmGUARD also
14 argues that as a factual matter, "Starr has not suffered any damages because of anything AmGUARD
15 did" because Starr "issued a policy to its insured and made a determination to defend its insured
16 under a reservation of rights before AmGUARD ever issued its reservation letters, which were not
17 even addressed to Starr." Opp'n at 18.

18 Judgment on the pleadings is appropriate when, even if all material facts in the pleading
19 under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios,*
20 *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "All allegations of fact by
21 the party opposing the motion are accepted as true, and are construed in the light most favorable to
22 that party." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist*
23 *Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). A plaintiff is not entitled to judgment
24 on the pleadings when the answer raises issues of fact or an affirmative defense which, if proved,
25 would defeat recovery. *Id.*

26 The Court concludes that judgment on the pleadings is not appropriate because
27 AmGUARD's affirmative defenses, if proved, would defeat Starr's recovery. As an initial matter,
28 AmGUARD is permitted to assert rescission as an affirmative defense and through counter- and

3

1    cross-claims. *See Resure, Inc. v. Sup. Ct.*, 42 Cal. App. 4th 156, 166 (1996) (rescission may be
2    asserted as affirmative defense); *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal.
3    App. 4th 1259, 1267-68 (2007) (insurer may file cross-complaint for rescission). None of the cases
4    cited by Starr, including *Angle*, hold as a matter of law that an insurance company may not seek to
5    rescind a policy based upon an insured's alleged fraud and misrepresentations in procuring the
6    policy when another insurance company has filed suit seeking equitable contribution, indemnity
7    and/or subrogation. Instead, courts have held under the particular facts of those cases that "there
8    can be no rescission where the rights of third parties would be prejudiced." *Angle*, 201 Cal. App.
9    2d at 763. For example, in *Angle*, a dwelling was covered by two fire insurance policies issued by
10   different companies. After a fire, one insurance company issued a back-dated replacement policy –
11   referred to as a "rescission" by the trial court – with reduced coverage limits. The court held the
12   insurance company could not "rescind" its policy because "in these circumstances" the rights of the
13   other insurance company would be prejudiced. *Id.* The other cases cited by Starr are similarly
14   distinguishable on their facts. *See, e.g.*, *Beckwith v. Sheldon*, 165 Cal. 319, 324 (1917) (holding, in
15   context of a real estate transaction, that where plaintiff's intestate transferred water rights to
16   defendants, who expended large sums of money building an irrigation system, plaintiff could not
17   rescind the contract because "[i]t is, of course, fundamental that where the rights of others have
18   intervened and circumstances have so far changed that rescission may not be decreed without injury
19   to those parties and their rights, rescission will be denied and the complaining party left to his other
20   remedies.").

21   Here, Starr claims that if AmGUARD is permitted to seek rescission of its policy, Starr will
22   be harmed because it will have to bear the entire cost of defending the *Smyth* Lawsuits, and therefore
23   that AmGUARD is not entitled to seek rescission. However, that argument proves too much because
24   under Starr's theory, any time multiple insurance policies covered the same loss, an insurance
25   company could bar another insurance company from seeking rescission simply on the ground that
26   the rescission would result in greater liability for the non-rescinding company. To the contrary,
27   California law provides that when multiple insurance companies are potentially liable for the same
28   risk, claims for rescission and equitable contribution (and other forms of equitable relief), should be

resolved in the same action. *Cf. Truck Ins. Exch. v. Sup. Ct.*, 60 Cal. App. 4th 342, 349 (1997) (in action by two insurers seeking rescission against defaulting insured, court must allow third insurance company to intervene to protect its right to seek equitable contribution: "Permitting Truck to intervene and putting Transco and Alpine to their proof will simply bar them from unilaterally obtaining a judicial determination that their policies are rescinded. The intervention certainly will not foreclose the possibility that they will prevail but will force them to prove their case. . . However, if the evidence to support rescission is insufficient, then Truck's interest in preserving its claim for equitable indemnity would not be lost if the matter is concluded due to [the insured's] default."). Whether AmGUARD is entitled to rescind its policy, and whether a rescission would prejudice Starr such that the rescission should be denied, are questions that involve numerous factual determinations beyond the scope of the pleadings. Accordingly, the Court DENIES Starr's motion for judgment on the pleadings.

**IT IS SO ORDERED**.

Dated: August 16, 2021

SUSAN ILLSTON
United States District Judge