UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-cv-00959-SI<br><br>**ORDER APPOINTING MARTIN QUINN AS DISCOVERY SPECIAL MASTER; AND REFERRING ALL CURRENT AND FUTURE DISCOVERY MOTIONS TO MR. QUINN FOR RESOLUTION IN THE FIRST INSTANCE**<br><br>Re: Dkt. Nos. 97, 99, 100, 102 |

In orders filed December 7 and 16, 2021, the Court notified the parties of its intention to appoint Mr. Martin Quinn as a Special Master to oversee discovery in this litigation. Mr. Quinn has notified the Court that he is willing to accept such an appointment, and he has filed an affidavit stating that there are no grounds for disqualification. Accordingly, the Court APPOINTS Mr. Quinn as Special Master and enters this order setting forth the terms of his appointment. The Court also REFERS the following pending discovery matters to Mr. Quinn for resolution: Docket Nos. 97, 99, 100 and 102. All future discovery motions shall be resolved by Mr. Quinn in the first instance in accordance with this order.

The Clerk shall add Martin Quinn as a filer on the Court's Electronic Case Filing system ("ECF"), at mquinn@jamsadr.com, and the Clerk shall electronically serve this order on Mr. Quinn and his case manager Ms. Chan at schan@jamsadr.com.

**I.     Basis for Appointment**

1.      <u>Appointment</u>. Pursuant to Federal Rule of Civil Procedure 53 the Court hereby

1  appoints Martin Quinn as a Special Master to assist the Court in this litigation.  The Special Master
2  is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule
3  53(a)(1)(A)), and to address pretrial matters that cannot be addressed effectively and timely by an
4  available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

5      2.    <u>No Grounds for Disqualification</u>.  Pursuant to Rule 53(a)(2) and 53(b)(3), the Special
6  Master has filed an affidavit with this Court that states that he has no relationship to the parties,
7  counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.
8  During the course of these proceedings, the Special Master and the parties shall notify this Court
9  immediately if they become aware of any potential grounds that would require disqualification.

10      3.    <u>Fairness Considerations</u>. Pursuant to Rule 53(a)(3), the Court has considered the
11  fairness of imposing the likely expenses of the Special Master on the parties.  The Court believes
12  that the appointment and use of the Special Master will materially advance the litigation, thereby
13  achieving considerable cost-saving to all parties. The Court will protect against unreasonable
14  expenses and delay through regular communication with the Special Master and counsel.  The
15  Special Master will work with the parties to minimize the time and expense related to proceedings
16  before the Special Master.

17      4.    <u>Proper Notice Given to All Parties</u>.  Pursuant to Rule 53(b)(1), the Court gave all
18  parties to these proceedings notice of its intent to appoint the Special Master and an opportunity to
19  be heard with respect to such an appointment before issuing this Order.

20

21  **II.**    **Special Master's Duties, Authority and Compensation**

22      5.    <u>Diligence</u>. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to
23  proceed with all reasonable diligence in performing his duties in these proceedings.

24      6.    <u>Scope of the Special Master's Duties</u>.  Pursuant to Rule 53(b)(2)(A), the Special
25  Master shall assist the Court with all discovery disputes and managing the conduct of discovery to
26  promote efficiency and savings of time and cost, and dealing with any other matters which the Court
27  may direct him to undertake.  The Special Master shall have the authority to set the date, time and
28  place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences

to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. The Special Master may recommend a contempt sanction against a party and sanctions against a nonparty as provided in Rule 53(c)(2). The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter. The Special Master has agreed to be bound by said Protective Order.

7. <u>Scope of the Special Master's Authority</u>. The Special Master shall have the authority provided in Rule 53(c) and 53(d).

8. <u>Procedure for Motions Submitted to the Special Master</u>. The procedural requirements contained in this Court's Pretrial Orders shall govern any motion practice before the Special Master.

9. <u>Ex Parte Communications</u>. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party without first providing notice to, and receiving consent from, plaintiffs' and defendants' counsel.

10. <u>Preservation of Materials and Preparation of Record</u>. Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via ECF. Such filing shall fulfill the Special Master's duty to serve his orders on the parties. Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 15 herein.

11. <u>Compensation</u>. Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate to be set by Mr. Quinn after consultation with the parties, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Mr. Quinn shall prepare a monthly invoice for his services, which he shall provide to counsel. Plaintiffs and defendant shall each pay half of the monthly invoice, unless the Special Master or the Court

1  directs otherwise.  Counsel shall each be responsible for promptly forwarding payment of the
2  Special Master's invoice.

3     12. <u>Special Master's Reports to Court</u>.  Pursuant to Rule 53(e), the Special Master shall
4  issue orders on motions presented to him which shall be final and not require the Court's signature,
5  subject to the parties' right to file objections as described below.  If the Special Master considers it
6  advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f).

**III.** **Action on Special Master's Orders, Reports, or Recommendations**

   13. <u>Scope of Section</u>.  Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

   14. <u>Time Limits for Review</u>.  Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF.  Any order issued by the Special Master shall remain in effect pending any such objection or motion.

   15. <u>Filing the Record for Review</u>.  The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any submitted by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

   16. <u>Standard for the Court's Review</u>. Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error.  The Court shall review de novo any conclusions of law made or recommended by the Special Master.  The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

   17. <u>Court's Actions on Special Master's Orders</u>. Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an

opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

**IT IS SO ORDERED**.

Dated: January 6, 2022

SUSAN ILLSTON
United States District Judge