UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | Case No. 20-cv-00959-SI<br><br>**ORDER OVERRULING OBJECTION AND ADOPTING SPECIAL MASTER'S ORDER**<br><br>Re: Dkt. Nos. 118, 121 |

Defendant AmGUARD Insurance Company has filed an objection to portions of the Special Master's January 24, 2022 order. The Court directed Starr to file a response to AmGUARD's objection, and Starr filed its response on February 23, 2022.

AmGUARD takes issue with (1) the denial of AmGUARD's request for production of portions of plaintiff Starr Indemnity and Liability Company's claim file relating to the underlying *Duncan* and *Smythe* lawsuits, as well as communications about the Starr policy between Kihagi and her personal/coverage counsel and Starr, and (2) the denial of AmGUARD's request for complete copies of the defense fees and costs incurred in the *Duncan* lawsuits.

The Court reviews the Special Master's findings of fact for clear error. *See* Order Appointing Martin Quinn As Special Master To Oversee Discovery. Dkt. No. 116, ¶ 16. "Clear error is deferential . . . requiring a definite and firm conviction that a mistake has been made."

*Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (internal quotes and cites omitted; emphasis added throughout unless otherwise indicated). If the findings are "plausible, in light of the record viewed in its entirety, the [reviewing] court cannot reverse even if it is convinced it would have found differently." *Id*. The Special Master's conclusions of law are reviewed *de novo*. See Order Appointing Martin Quinn As Special Master To Oversee Discovery. Dkt. No. 116, ¶ 16. "However, if the application of the law to the facts requires an inquiry that is 'essentially factual,' review is for clear error." *Husain*, 316 F.3d at 835.

The Court finds no legal or factual error in the Special Master's analysis. Regarding Starr's claim file, the Special Master found that while he "might agree that the Starr claim file material . . . is relevant at least on the *Duncan* case, AmGUARD provides no basis for obtaining what are clearly privileged communications." Dkt. No. 118 at 4 (citing *Bank of America, N.A. v. Superior Court*, 109 Cal. App. 4th 529, 535 (2003), and *Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 571 (E.D. Cal. 2002)). Special Master Quinn also found that while there was no issue of privilege as to communications about the Starr policy between Kihagi and her personal/coverage counsel and Starr, "there is a serious issue of relevance." Dkt. No. 118 at 4. Mr. Quinn found, "AmGUARD's coverage dispute with its insureds will turn on the provisions of AmGUARD's policies, evidence concerning the truthfulness of the insureds' representations on the policy applications, and evidence of what AmGUARD knew and when it knew it as to the *Smythe/Duncan* lawsuits. Communication about Starr's coverage dispute with its insureds is of little to no relevance." *Id*. at 4-5.

In addition, the Court notes that AmGUARD has apparently already subpoenaed many of these documents from the Kihagi parties and from their defense and coverage counsel, and Starr has already produced non-privileged portions of its claim file such as its coverage position letters and its policy. Further, while AmGUARD argues that it needs claim file documents regarding settlement negotiations to show prejudice, AmGUARD's own filings demonstrate that it has already obtained discovery about settlement offers through discovery.

As to the billing records, the Special Master noted that Starr had produced copies of defense counsel's bills with the task descriptions entirely redacted. Citing *Los Angeles Bd. of Supervisors*

*v. Superior Court*, 2 Cal.5th 282 (2016), Mr. Quinn correctly held that under California law, attorney fee statements, including task descriptions, in active or pending litigation – such as the *Duncan* lawsuit -- are privileged, while attorney bills in settled matters – such as the *Smyth* lawsuit – are not. Dkt. No. 118 at 5.

Accordingly, AmGUARD's objection is OVERRULED.

**IT IS SO ORDERED**.

Dated: February 28, 2022

_____
SUSAN ILLSTON
United States District Judge

3