UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-cv-00959-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 117, 136, 145 |

Defendant AmGUARD Insurance Company's motion for summary judgment is scheduled for a hearing on March 17. 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court DENIES defendant's motion for summary judgment. The Court finds that all of the material discussed in Starr's administrative motion to seal (Dkt. Nos. 136 and 145) should be filed in the public record except Exhibit 5 to the Mandegary Declaration. However, AmGUARD is advised that at the time of trial, if Exhibit 5 is entered into evidence, it will be done so in the public record (though redactions may be permitted).

**BACKGROUND**

Starr Indemnity & Liability Company ("Starr") filed this action against AmGUARD Insurance Company ("AmGUARD") seeking declaratory and equitable relief regarding the defense and indemnity of Starr and AmGUARD's mutual insureds, Zoriall LLC, Anne Kihagi, and Christina Mwangi (collectively, the "Kihagi Parties"), against the claims and damages alleged against the Kihagi Parties in the underlying *Smyth* and *Duncan* lawsuits.

AmGUARD denies that it owed a duty to defend or indemnify the *Smyth* and *Duncan*

1  lawsuits, and has asserted 22 affirmative defenses, including misrepresentation, fraud and
2  concealment in the insurance application (eleventh affirmative defense) and rescission (twelfth
3  affirmative defense). AmGUARD has also filed a third party complaint against the Kihagi Parties
4  and Starr seeking rescission of the insurance policy and a judicial declaration that there is no
5  coverage under its policy for the *Smyth* and *Duncan* lawsuits due to Zoriall LLC's alleged material
6  misrepresentations and/or concealment of material facts in its insurance application. Specifically,
7  AmGUARD contends that when Zoriall LLC applied for insurance with AmGUARD, it stated that
8  Zoriall had no prior litigation within the past five years, but that answer was false as Zoriall had
9  been involved in four different lawsuits in that time period, including one of the *Duncan* lawsuits.

10  AmGUARD also contends that it does not have any duty to pay for pre-tender defense fees
11  and costs for the *Duncan* and *Smyth* lawsuits, that there is no coverage for the *Duncan I* and *Smyth*
12  *I* lawsuits, and that it has no obligation to defend or indemnify the *Smyth* and *Duncan* lawsuits
13  because the Kihagi parties failed to provide timely notice of these lawsuits as required under the
14  AmGUARD policy.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to produce evidence showing the absence of a genuine issue of material fact. *Id.* at 325. Rather, the burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id*.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(4).[1]

## DISCUSSION

### I.     Rescission and Misrepresentation

The Court looks to three factors in determining whether an insurance company has the right to rescind: (1) whether the insured misrepresented or concealed information in its application for insurance; (2) whether the information misrepresented or concealed was material; and (3) whether the insured knew that it had made a material misrepresentation or concealment. *See Casey By and Through Casey v. Old Line Life Ins. Co. of America*, 996 F. Supp. 939, 944 (N.D. Cal. 1998); *see also LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1266-67 (2007).

Applying these factors here, the Court concludes that there are genuine issues of fact as to these elements and thus that summary judgment is inappropriate. AmGUARD primarily relies on the declaration of Anna Skelly of ISU Palos Verdes Insurance Agency ("PV Insurance") to show that Zoriall/Anne Kihagi made material misrepresentations in the insurance application. Ms. Skelly

---

[1] The parties have objected to each other's evidence. The Court finds that there is sufficient admissible evidence, cited in this order, to defeat summary judgment, and that it is unnecessary to rule on each objection.

states that after Ms. Kihagi contacted her about obtaining insurance, Ms. Skelly submitted an application to AmGUARD on July 7, 2015. Skelly Decl. ¶ 16. Ms. Skelly states that prior to submitting the online application, she reviewed the application, including the underwriting questions, with Ms. Kihagi and that "Ms. Kihagi advised that there are no prior claims against Zoriall LLC." *Id.* ¶ 19. AmGUARD also cites the Skelly declaration for the proposition that PV Insurance has acted as Ms. Kihagi's insurance broker since 2014, and thus that Ms. Skelly was Ms. Kihagi's agent when she completed the online application. AmGUARD emphasizes the fact that the online application completed by Ms. Skelly states,

> THE PERSON PROVIDING THE INFORMATION SET FORTH ABOVE IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIEWS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

Marcincavage Decl., Ex. 15. AmGUARD asserts that based upon this language, it is undisputed that PV Insurance was acting as Zoriall's agent in submitting the application. Finally, AmGUARD has submitted the declaration of AmGUARD's underwriter stating that AmGUARD would not have issued a policy to Zoriall LLC if Zoriall's application had stated that it had prior litigation during the previous five years. *See* Marcincavage Decl. ¶ 11.

Starr has submitted the declaration of Anne Kihagi, which directly contradicts Ms. Skelly's declaration. Ms. Kihagi states that she never went over the underwriting questions with Ms. Skelly and that Ms. Skelly never asked her whether Zoriall had any prior litigation prior to submitting the online application or at any time. AmGUARD contends, not without force, that Ms. Kihagi's declaration should be disregarded under the sham declaration doctrine because her declaration is inconsistent with her December 2021 deposition testimony (in which she could remember very little about the insurance application process).

However, Starr has also submitted evidence showing that at the time PV Insurance submitted the Zoriall application to AmGUARD, PV Insurance was an AmGUARD agent. Mandegary Decl., Ex. 5 (AmGUARD/PV Insurance agent agreement). At her deposition, Ms. Skelly stated that at the time she submitted the application with AmGUARD, PV Insurance was a "dual agent," that there

was no written document stating that PV Insurance was Kihagi's broker, and that one "could infer" that PV Insurance acting as Zoriall's broker because "she [Kihagi] signed [the] application and given us credit card information and accepted the proposals." Skelly Depo. at 152. Thus, there are questions of fact as about the capacity in which Ms. Skelly was acting when she completed the online application and whether Ms. Skelly's answers can be imputed to Zoriall.[2] Further, Ms. Skelly testified that she entered the underwriting information for the Zoriall application on July 7, Skelly Depo. at 120, 194, but that she did not speak on the phone with Ms. Kihagi to confirm the underwriting information until July 20. *Id.* at 115, 180, 182. Thus, even accepting Ms. Skelly's testimony as true, there is a question about how Ms. Skelly completed the underwriting questions on July 7 if she did not speak to Ms. Kihagi about those questions until July 20.

The Court also finds that there are questions of fact as to materiality. Starr has pointed to evidence showing that AmGUARD treats applications on a case-by-case basis, and that representation of prior litigation is not a *per se* disqualifier. *See, e.g.*, Skelly Depo. at 214.

Thus, because there are disputes of material fact and the Court cannot make credibility assessments on summary judgment, the Court DENIES AmGUARD's motion for summary judgment as to misrepresentation/rescission. In the Court's view, the question of whether Zoriall misrepresented material facts in the insurance application is a threshold question that should be resolved at trial before reaching any of the other issues discussed *infra*. As such, phase 1 of the bench trial, which will begin on April 11, will focus on this question, and the parties should be prepared to present witnesses and evidence limited to AmGUARD's claims and affirmative defenses related to rescission, misrepresentation, and fraud and concealment, as well as Starr's defenses thereto. If the Court decides that AmGUARD is entitled to rescind and/or that the policy is void, there will be no need for a phase 2 bench trial on the remaining issues. If the Court concludes that the AmGUARD policy is not void, the Court will hold a phase 2 bench trial.

The Court now addresses the remaining issues raised by AmGUARD's motion for summary

---

[2] AmGUARD does not provide any legal support or explanation for its assertion that "whether or not Skelly reviewed the underwriting questions with Kihagi does not affect that there was misrepresentation in the answers to the underwriting question." Reply at 2 n. 1.

judgment.

## II. Duty to Defend or Indemnify *Smyth I* and the *Duncan I* Lawsuits

AmGUARD contends that it has no duty to defend or indemnify the *Smyth I* or *Duncan I* lawsuits because those actions deal with conduct that occurred prior to the inception of the AmGUARD policy. AmGUARD notes that its policy has effective dates of July 20, 2015 to July 20, 2016. AmGUARD argues that because *Duncan I* was filed on May 4, 2015 prior to the inception of the AmGUARD policy, any personal injury offenses alleged in *Duncan I* were committed prior to the inception of AmGUARD policy period. AmGUARD also argues that while *Smyth I* was filed on July 21, 2015, the *Smyth I* complaint was signed on July 15, 2015, and thus the allegations contained in the *Smyth I* complaint necessarily occurred prior to July 15, 2015.

The Court DENIES AmGUARD's motion on this ground because the Court cannot conclude on this record that those complaints did not trigger a duty to defend or indemnify simply because they were filed right before the policy incepted. As Starr notes in its opposition, *Smyth I* and *Duncan I* included allegations of nuisance and negligence, including allegations that Zoriall interfered with the plaintiffs' right to quiet use and enjoyment of rental units and invasion of the right of privacy. Both complaints alleged that the plaintiff tenants continued to reside in their units; there are no allegations that the alleged nuisance or negligence had ceased prior to the complaints being filed; and Starr correctly notes that AmGUARD has not presented any extrinsic evidence that they had ceased. Further, Starr has submitted evidence showing that the *Duncan* and *Smyth* tenants vacated their units during the AmGUARD policy period.

## III. Notice and Actual Prejudice

"[W]here a default judgment results from a lack of notice by the insured, (1) the insurer is liable on the judgment unless it suffered actual, substantial prejudice, and (2) the mere inability to investigate the claim thoroughly or to present a defense in the underlying suit does not satisfy the prejudice requirement." *Belz v. Clarendon Am. Ins. Co.*, 158 Cal. App. 4th 615, 620 (2007). "Prejudice is a question of fact on which the insurer has the burden of proof." *Pitzer Coll. v. Indian*

1  *Harbor Ins. Co.*, 8 Cal. 5th 93, 105 (2019). "The insurer establishes actual and substantial prejudice
2  by proving more than delayed or late notice. It must show a substantial likelihood that, with timely
3  notice, and notwithstanding a denial of coverage or reservation of rights, it would have settled the
4  claim for less or taken steps that would have reduced or eliminated the insured's liability." *Id.*
5  (internal quotation marks and citation omitted).

6        AmGUARD contends that it has no duty to defend or indemnify the *Duncan* lawsuits
7  because AmGUARD never received notice of those lawsuits from Zoriall, and only learned of them
8  from Starr eight months after the judgment had been entered. AmGUARD argues that the insureds'
9  failure to notify AmGUARD of the *Duncan* lawsuits prejudiced AmGUARD as it was unable to
10 participate in strategic decisions with regard to discovery or trial, and was prevented from
11 participating in any mediation or settlement discussions.

12       Although AmGUARD has asserted some persuasive arguments about prejudice due to lack
13 of notice, the Court cannot conclude on summary judgment that AmGUARD has met its burden.
14 Starr has cited deposition testimony of AmGUARD's person most knowledgeable about the claims
15 who stated that even if AmGUARD had received notice of the *Duncan* lawsuits before judgment, it
16 would not have defended the claim because of its position that the policy is void due to
17 misrepresentation. McGary Depo. at 199. Thus, there are questions about what, if anything,
18 AmGUARD would have done differently if it had received timely notice.

## IV. Pre-Tender Defense Fees and Costs

21       AmGUARD also contends that even absent any misrepresentations, AmGUARD has no duty
22 to reimburse for defense fees and costs that were incurred prior to tender to AmGUARD pursuant
23 to the policy's no-voluntary payment provision. That provision provides,

> **2. Duties in the Event of Occurrence, Offense, Claim or Suit**. . .
>
> d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Marcincavage Decl. Ex. 16 at p. 105 (Dkt. No. 117-2). AmGUARD argues that although this

7

language refers to costs made by an *insured*, this provision applies to bar any recovery by Starr of the defense fees and costs that it incurred defending Zoriall prior to the tender to AmGUARD.

"[A]n insured's lack of tender or compliance with a policy provision is not fatal to a coinsurer's right of equitable contribution; rather, adequate notice of the potential for contribution and the opportunity for investigation and participation in the defense in the underlying litigation will suffice*." OneBeacon Am. Ins. Co. v. Fireman's Fund Ins. Co*., 175 Cal. App. 4th 183, 201, (2009), as modified on denial of reh'g (July 14, 2009). "[T]he right of equitable contribution between insurers is not controlled by the contract between the insured and the insurer but by equitable principles, the application of which do not run afoul of the policy provision prohibiting voluntary payments." *Id*. at 204 (internal citation omitted).

Under *OneBeacon*, the question of whether Starr is entitled to equitable contribution will depend, in part, on whether AmGUARD can show that it was prejudiced by the late notice, discussed *supra*. AmGUARD has not cited any authority for the proposition that a no-voluntary payment provision applies to bar any part of another insurance company's claim for equitable contribution.

## CONCLUSION

For the foregoing reasons, the Court DENIES AmGUARD's motion for summary judgment. **AmGUARD's claims and affirmative defenses related to rescission, misrepresentation, and fraud and concealment, as well as Starr's defenses thereto, will be determined in Phase 1 of the bench trial set to begin April 11, 2022.** Should a second phase bench trial be required, it will be scheduled after the completion of Phase 1.

**IT IS SO ORDERED**.

Dated: March 15, 2022

SUSAN ILLSTON
United States District Judge