UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-cv-00959-SI<br><br>**FINAL PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 155-161 |

On April 5, 2022, the Court held a final pretrial conference in the above captioned matter, which is set for Phase 1 of the bench trial beginning April 11. All parties were represented by counsel. The following matters were resolved:

**1. Witnesses:** Witnesses, excepting retained expert witnesses, are excluded from the courtroom until after they have testified. Starr's request to substitute a corporate witness in the place of Mr. Sweeney is DENIED. No witnesses, including Mr. Sweeney and Ms. Kihagi, will be permitted to testify remotely. If Ms. Kihagi was properly subpoenaed for trial, she is hereby ORDERED to appear to testify at trial.

**2. Trial exhibits:** No later than 3 p.m. on Friday, April 8, the parties shall submit their trial exhibits, in binders with numbered tabs separating each exhibit, and including a descriptive index at the beginning of each binder. The Court shall be provided with two sets (the originals for the file and one set for the Court). The parties shall also prepare one set for opposing counsel, in addition to their own set. Prior to introducing any confidential exhibit into evidence, counsel shall obtain permission from the Court. Any confidential exhibit admitted into evidence will be admitted in the

public record, with redactions if necessary.

**3.     Timing of trial:** Phase 1 of the trial is estimated to take 1-3 days. Based on this estimate, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a 3 day trial, as follows:  each side shall have up to 15 minutes to present opening statements; each side shall have 5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

**4.     Trial schedule:** Trial begins on April 11, 2022, at 11:00 a.m. and will continue until 4:00 p.m.  Subsequent trial days will run from 10:00 a.m. until 4:00 p.m., with a 15 minute morning and afternoon break and a 45 minute break for lunch.

**5.     Motions in limine:** The parties filed seven motions in limine. Docket Nos. Nos. 155-161. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

Starr's motion #1 to preclude testimony or evidence regarding the contents of AmGUARD's underwriting appetite guide is DENIED.  AmGUARD states that it does not intend to introduce any underwriting manuals or appetite guides at trial.  AmGUARD's witnesses may testify about AmGUARD's underwriting activities, provided a foundation is laid for such testimony.

Starr's motion #2 to preclude AmGUARD from introducing evidence regarding the contents of AmGUARD's "underwriting questions" tab/page as an incomplete document is DENIED. AmGUARD states that it has complied with its discovery obligations.  If Starr contends that AmGUARD has not complied with Special Master Quinn's discovery orders, that is a matter that should have been raised with the Special Master (and prior to the eve of trial).

Starr's motion #3 to preclude AmGUARD from introducing, mentioning or referencing evidence that was not disclosed, produced or made available during discovery is DENIED.  The motion is vague and overbroad, and Starr may raise specific objections to specific evidence at the

time of trial.

Starr's motion #4 to preclude AmGUARD from introducing, mentioning, or referencing evidence that was not disclosed in AmGUARD's pretrial disclosure statement is DENIED without prejudice to specific objections to specific evidence at the time of trial.

Starr's motion #5 to preclude AmGUARD from introducing, mentioning or referencing any hearsay evidence of Anne Kihagi's purported verbal representations is DENIED. The statements by Ms. Kihagi that are the subject of the motion are not hearsay because the statements are not being used to prove the truth of the matter asserted but to establish that the statements were made and the effect on Ms. Skelly.

Starr's motion #6 to preclude AmGUARD from introducing, mentioning or referencing the state court lawsuits, including the *Zoriall et al. v. Starr* litigation, is DENIED. Those matters go to bias as well as Starr's reliance on AmGUARD's promise to contribute to the defense of the Kihagi parties.

AmGUARD's motion #1 to preclude Starr from introducing the declaration of Anne Kihagi is GRANTED as the declaration is hearsay because it is an out of court statement being used to prove the truth of the matter asserted. If Ms. Kihagi is unavailable for trial, the parties may use Ms. Kihagi's deposition testimony.

**6.     Other Matters:** All counsel and trial team members, parties and party representatives, and members of the public are required to be fully vaccinated, including a booster shot if eligible. All individuals will be required to wear a mask in the courtroom. Fully vaccinated witnesses on the witness stand may take off their masks, and counsel questioning the witness may do so also. All efforts should be made to social distance.

**IT IS SO ORDERED**.

Dated: April 5, 2022                      _____
                                          SUSAN ILLSTON
                                          United States District Judge

3