UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-00959-SI<br><br>**JUDGMENT** |

This matter came before the Court for Phase I of a bench trial, which was held on April 11-13, 2022. Plaintiff and counter-defendant Starr Indemnity & Liability Company ("Starr") asserts claims for declaratory relief, equitable contribution, equitable subrogation and equitable indemnity against defendant and third party plaintiff and counterclaimant AmGUARD Insurance Company ("AmGUARD"). Starr and AmGUARD issued policies to Zoriall LLC covering different time periods, and Starr seeks a declaration that AmGUARD had a duty to defend Zoriall LLC and its members Anne Kihagi and Christine Mwangi (collectively "Zoriall Defendants") in four underlying lawsuits brought against the Zoriall Defendants.

AmGUARD filed a Counterclaim against Starr and a Third Party Complaint against Zoriall LLC, Anne Kihagi, Christina Mwangi, Dale Duncan ("Duncan") and Marta Munoz Mendoza ("Mendoza"). AmGUARD's Counterclaim and Third Party Complaint seek to rescind the policy AmGUARD issued to Zoriall based on misrepresentation in Zoriall's insurance application. AmGUARD also seeks declaratory relief regarding its defense and indemnity obligation, and AmGUARD asserts numerous affirmative defenses to Starr's claims.

This Court bifurcated the bench trial with Phase I focused on AmGUARD's claim for rescission and affirmative defenses of misrepresentation, fraud and concealment, as well as Starr's

defenses thereto. In accordance with Federal Rule of Civil Procedure 52(a), the Court issued its Findings of Facts and Conclusions of Law on January 24, 2023. Dkt. No. 186. Pursuant to its Findings of Facts and Conclusions of Law, the Court concludes that AmGUARD is entitled to judgment in its favor and against Starr, Zoriall LLC, Anne Kihagi, Christina Mwangi, Duncan and Mendoza.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** AmGUARD shall have judgment in its favor and against Starr and Third Party Defendants Zoriall LLC, Anne Kihagi, Christine Mwangi, Dale Duncan and Marta Munoz Mendoza (collectively, "Third Party Defendants") and each of them, on its Rescission and Declaratory Relief claims, as follows:

1. Due to the material misrepresentation in Zoriall LLC's insurance application regarding the existence of prior litigation, the policy issued by AmGUARD to the named insured Zoriall LLC, policy number Z0BP601626 effective July 20, 2015 to July 20, 2016 ("AmGUARD Policy") is void *ab initio* and hereby rescinded.

2. AmGUARD has no duty to defend or to indemnify Zoriall LLC, Anne Kihagi and Christina Mwangi (collectively "Zoriall Defendants") with respect to the action titled *Duncan v. Kihagi*, San Francisco Superior Court, Case No. CGC15-545655 ("*Duncan I*") under the AmGUARD Policy.

3. AmGUARD has no duty to defend or to indemnify the Zoriall Defendants with respect to the action titled *Duncan v. Kihagi*, San Francisco Superior Court, Case No. CGC 16-551512 ("*Duncan II*") under the AmGUARD Policy.

4. AmGUARD has no obligation to pay any judgment, costs and/or attorneys' fees awarded against the Zoriall Defendants in *Duncan I* and *Duncan II*.

5. AmGUARD has no duty to defend or to indemnify the Zoriall Defendants with respect to the action titled *Smyth v. Kihagi*, San Francisco Superior Court, Case No. CGC-15-546973 ("*Smyth I*") under the AmGUARD Policy.

6. AmGUARD has no duty to defend or to indemnify the Zoriall Defendants with respect to the action titled *Smyth v. Kihagi et al.*, San Francisco Superior Court, Case No. CGC 16-553236 ("*Smyth II*") under the AmGUARD Policy.

1    7. Because the AmGUARD Policy is void *ab initio*, AmGUARD has no duty to defend or
2 to indemnify the Zoriall Defendants with respect to *Smyth I*, *Smyth II*, *Duncan I* and *Duncan II*,
3 Starr's claims for reimbursement, contribution and subrogation against AmGUARD are dismissed.
4 Starr is not entitled to any reimbursement, contribution, subrogation or indemnity from AmGUARD
5 with respect to the defense fees and costs and the settlement amount paid with respect to *Smyth I*
6 and *Smyth II* because the AmGUARD Policy is void *ab initio* and rescinded; and Starr is not entitled
7 to any reimbursement, contribution, subrogation or indemnity from AmGUARD with respect to the
8 defense fees and costs incurred with respect to *Duncan I* and *Duncan II* because the AmGUARD
9 Policy is void *ab initio* and rescinded.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Starr and Third Party Defendants shall take nothing.

Dated: February 14, 2023    _____
SUSAN ILLSTON
United States District Judge